TIMOTHY K. WEST *v.* JESSE P. BANCROFT.

*Highways, Towns.*

The proper public authorities of a town or village have a right to place in a highway a reservoir for the purpose of retaining water to sprinkle the highway with; and the owner of the fee of the land, where such reservoir is placed, cannot maintain an action against such authorities for so doing.

Besides the use of highways for the sole purpose of travel, the public may use them for many other objects necessary for the public convenience and health, such as laying water pipes and constructing drains, sewers and reservoirs, etc. PIERPOINT, J.

TRESPASS *qu. cl.* Plea not guilty, with notice of special matter in justification, to the effect that the defendant was one of the trustees of the village of St. Johnsbury, elected under the provisions of the act incorporating that village, approved November 23, 1852 ; that by that act the village were authorized to construct and maintain such aqueducts and reservoirs as they should judge best, and to lay out, alter, maintain, clean, improve and repair the streets therein ; and that such cleaning, improvement and repairs were required by said act to be made by the trustees ; that the close in question had been for more than twenty years previous to the 25th of April, 1853, and still was, a common and public highway within the limits of said village ; that on that day the defendant, with the other trustees, caused an excavation to be made near the margin of said traveled highway, and in the highway, and constructed therein a reservoir into which to conduct water to be used in sprinkling the streets of said village, and also to protect the buildings in the village from fire, and for other public uses, and that these were the same supposed trespasses complained of by the plaintiff in his declaration.

The cause was tried by the jury, at the June Term, 1859, in Caledonia county,— BARRETT, J., presiding.

The defendant admitted the digging and making the reservoir for the purpose and under the authority set forth in his notice of defence.    It appeared that the reservoir was situated a little northwardly of the court house in St. Johnsbury, and just eastwardly of the traveled track of the highway, passing in front of the court house.

The plaintiff introduced evidence tending to show that the reservoir was on land belonging to him, and outside of the limits of the public highway.

It was admitted by the plaintiff that the defendant, in his acts which the defendant claimed to be trespasses, acted under full official authority as trustee and in behalf of the village of St. Johnsbury, duly incorporated and organized and acting under the laws of this State, and that his acts were all lawful in the discharge of his official duty, unless they were done upon the plaintiff's close, and that the reservoir in question was made for the *public use and benefit*, and was kept and maintained for that pur-

pose. It appeared that for a period commencing earlier than the year 1790, the public highway in said village had existed and been in use continuously in front of the court house and thence northwardly through said village; that on the western side of this highway, opposite and contiguous to the reservoir, dwelling houses and fences for door yards had permanently and constantly existed for more than forty years, and that the door yards out to said fences had been constantly possessed, occupied and used by the respective owners thereof as such; that the travel on said highway passed near to said fences on the easterly side thereof, and the public had used the ground to said fences as a highway during all of said period. No original survey and laying out of said road was produced or shown on trial, but the plaintiff's evidence showed that it was originally laid out and established four rods wide, adjacent to the cistern, and that the fences on either side of the road adjacent to the cistern had for a period of more than fifty years been more than four rods apart; and there was no evidence tending to show, nor was it claimed by the plaintiff on the trial, that the public had lost the right to a road of that width, and the court understood it to be conceded that the highway was during all the time of its existence, and still is, four rods wide.

The plaintiff claimed, and his evidence tended to show, that the eastern boundary of the highway, as originally surveyed and located, contiguous to the cistern, was never marked by a fence, and though a fence had existed for more than fifty years on the eastern side of the highway contiguous to the reservoir, that it was considerably further east than the true eastern boundary of the highway. With reference to the point put to the jury upon which they rendered a special verdict for the defendant, the court assumed such to be the case.

The evidence tended to show that the reservoir, and all the digging by the defendant in the making thereof, were within four rods eastwardly from the said door yard fences.

The court charged the jury that the putting in of a reservoir or cistern by the public authority of the village for public purposes, within the limits of the public highway within the village, would not constitute a trespass for which the owner of the fee

25

could recover, even though the land might revert to him in case such highway should be discontinued; that if said door yard fences had existed for as long a period of time as the evidence showed, and the yards had been continuously enclosed thereby, and used as such, upon the one side of the fences, and the public during all that time had used up to the fences upon the other side, as and for the public highway, those fences had become the western limit and boundary of the highway; and as the plaintiff's evidence showed, and it was not denied by the plaintiff, that the public highway was four rods wide along contiguous to said door yard fences and adjacent to the reservoir, if the jury should find that the reservoir and the digging done by the defendant in making it were within four rods eastwardly from the door yard fences, they would be within the limits of the public highway.

To this charge the plaintiff excepted, and the jury returned a verdict for the defendant.

*Child & Benton*, for the plaintiff.

*A. J. Willard* and *Stoddard & Clark*, for the defendant.

PIERPOINT, J. We think that in view of the evidence, and the admissions of the parties, as to the location of the highway in the village of St. Johnsbury, there can be no doubt that if the acts complained of in this case were done within four rods east of the western limit of the highway, as used for the last forty years, they were done within the highway, and that the charge of the court on that question was correct.

The only remaining question is as to the right of the public to put a reservoir, or cistern, into the earth, within the limits of the highway, for the purpose of retaining water to be used in sprinkling the streets and extinguishing fires. There is nothing stated in the bill of exceptions tending to show, either from the place where this cistern was put, or the manner of its construction, that it was likely to interfere with the full and perfect use of the highway by the public, or to produce any special injury to the owner of the adjoining land, and the owner of the reversionary right in the highway; but the case stands upon the bare right of the public to do the act under any circumstances.

West *v.* Bancroft.

The power of the public over highways is not confined to their use for the sole purpose of travel. Many things may be done therein for the promotion of the public convenience and health, such as laying water pipes, constructing drains and sewers, making reservoirs, and many other acts which the public may require ; and when these acts are done by the public authorities in a judicious manner and with proper care, having reference to the rights of adjoining proprietors, and the owners of the fee of the land, if such proprietors are incidentally affected injuriously thereby, or the owner of the fee sustains a technical damage, the law furnishes no remedy therefor.

But in this case it is not necessary to resort to this principle, even to justify the acts of the defendant. It is conceded that this reservoir was built by the defendant as a public officer, having charge of such matters, and in the discharge of his official duty ; that the object was to retain water to be used in sprinkling the streets, and for other public purposes. This, we think, clearly comes within the object and purpose for which the highway was originally laid out.

All those acts which tend to facilitate travel, and add to the ease, comfort and convenience of the traveler, or his beasts, whether it be by cutting down the hills, filling the ravines, paving the roads, erecting watering troughs, or sprinkling the streets, are acts which it is proper and often necessary for the public to do. And in a village containing so numerous and active a population as St. Johnsbury, no other one of these acts, perhaps, would add so much to the comfort of the passers on the highway, as well as all the inhabitants of such village, as that of sprinkling the streets ; and such act, instead of infringing on the rights of the reversioner, can hardly be said to approach that uncertain line constituting the true boundary between the rights of the public and the owners of the fee in the highway.

The judgment of the county court is affirmed.