## Barrows v. The City of Sycamore.

1. *Pleading — Sufficiency of Declaration.*—In an action against a city for erecting a water tower near the plaintiff's premises, a declaration which charged that the tower was dangerous and liable to fall, but did not show by proper averments any negligence or improper construction of it, or even a weakness of it, or that there was any defect in the material out of which it was constructed, or why it was likely to fall, is insufficient, and a demurrer to it was held to have been properly sustained.

2. *Cities and Villages — Damnum Absque Injuria.*—Where a city erected a water tower in a street, which the plaintiff alleged to be unsightly and cast a shadow upon her premises, *it was held,* that the mere fact that her property had depreciated in value by reason of the proximity of the water tower was not ground for action, as the damages arising from the causes alleged are *damnum absque injuria.*

3. *Cities and Villages — Control of Streets.*—Under our statute cities are given exclusive control of all streets and alleys within the corporate limits. The fee of the streets is in the corporation, and the dominion over them is as absolute as that of the owner of his lands.

*Memorandum.*—Action on the case. Appeal from the Circuit Court of De Kalb County; the Hon. Charles Kellum, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

### Appellant's Brief, Jones & Rogers, Attorneys.

If the market value of plaintiff's property is greatly depreciated on account of the construction and erection of this structure in a public street so near to said property as these pleadings aver, then there is a damage. In fact, the essential element of damage to property consists in the depreciation of the market value thereof. Stockton v. City of Chicago, 136 Ill. 434; Springer v. City of Chicago, 135 Ill. 560; Chicago, B. & N. R. R. Co. v. Bowman et al., 122 Ill. 595; Chicago, P. & St. L. R. R. Co. v. Leah, 41 Ill. App. 589.

### Appellee's Brief, Carnes & Dunton, Attorneys.

Under our statutes cities are given exclusive control of all streets and alleys within the corporate limits. The fee of the streets is in the corporation, and the dominion over them is as absolute as that of the owner of other lands. Chicago & V. R. R. Co. v. People, 92 Ill. 170.

"Under the power of exclusive control over streets it is very well settled by decisions of this court that the municipal authorities may do anything with, or allow any use of, streets which is not incompatible with the ends for which streets are established; and that it is a legitimate use of a street to allow a railroad track to be laid down in it. Moses v. P., Ft. W. & C. R. R. Co., 21 Ill. 522; Murphy v. Chicago, 29 Ill. 279; Chicago & North Western Ry. Co. v. Elgin, 91 Ill. 251." Quoted from City of Quincy v. Bull, 106 Ill. 337.

Water is a prime necessity, and in densely populated districts can not be obtained from the soil without damage to health. A supply of pure water therefore becomes a matter

of public concern, and its distribution by public authorities by means of pipes laid in the public streets is an ancient and universal custom. Such a supply is not only requisite to the public health, but for the public safety as well, in order to afford the means of extinguishing fires and prevent conflagrations, and may even be connected with the use of the street for travel, when used for sprinkling. Such a use of urban streets is proper and legitimate. Lewis on Eminent Domain, Sec. 128.

For any act obstructing a public and common right no private action will lie for damages of the same kind as those sustained by the general public. City of Chicago v. Union Bldg. Association, 102 Ill. 379; City of E. St. Louis v. O'Flynn, 119 Ill. 300.

OPINION OF THE COURT, LACEY, J.

This was an action on the case brought by the appellant against appellee, to recover damages to her residence and hotel buildings on a lot owned by her for some time before the building of the structure complained of, by reason of the wrongful erection of a stand pipe and water tower within fifty-six and one-half feet from the hotel building and near her dwelling.

The declaration consists of four counts, to each of which the appellee demurred, and the court sustained the demurrer, and the appellant abiding her declaration, the court gave judgment against the appellant for costs.

From this judgment, this appeal is taken.

This brings up the question of the sufficiency of the declaration. It consists of four counts, and in substance makes the following charges, to wit: The first count charges and avers that the stand pipe or water tower was wrongfully constructed in the public streets of appellee, and was one hundred and thirty-five feet high, and situated fifty-six and one-half feet from the hotel; that it is of five feet in height, steel and iron plates riveted together, the first course of plates being nine-sixteenths of an inch in thickness, diminishing toward the top of the stand pipe to three-sixteenths

of an inch, and capable of holding about 179,000 gallons of water; that by reason of the fact that the water tower causes constant apprehension that it may fall over on the hotel building and by its great weight destroy it, or that it might blow over on the property or burst and flood the same, greatly depreciates its value for hotel and residence purposes, and especially its market value, and claims damages to the amount of $3,000. The second and third counts are essentially the same as the first, and the fourth count charges that on account of the great height of the tower, it obstructs the light of the hotel building, and especially the parlor and sitting-room, in the southwest corner thereof, and obstructs the view of the hotel building, casts a shadow upon it and makes its appearance unsightly, and otherwise injuriously affects the premises, and makes the premises less convenient and comfortable for residence and hotel purposes.

We are of the opinion that the court below decided the questions raised by the demurrer correctly. While the counts, or some of them, charge that the tower was dangerous and liable to fall, none of them show, by averments, any negligence or improper construction of it, by appellee, or even a weakness of it, or that there was any defect in the material out of which it was constructed, or why it was likely to fall. The averments are mere conclusions, unwarranted by anything contained in the declaration, except that the tower was high. This is not sufficient. As to fourth count, neither unsightliness nor casting a shadow thereby, causing damages, is ground for recovery. The mere fact that the property was depreciated in value, is not ground for action. The damages arising from the causes alleged are what in law are called *damnum absque injuria*.

The Supreme Court says that "under our statute cities are given exclusive control of all streets and alleys within the corporate limits. The fee of the streets is in the corporation and the dominion over them is as absolute as that of the owner of other lands." C. & V. R. R. Co. v. People, 92 Ill. 170; City of Quincy v. Bull, 106 Ill. 337; 2 Dillon

on Municipal Corporations, 2d Ed., 551. Sustaining our position on the question of damages, see Rigney v. City of Chicago, 102 Ill. 64; Shawneetown v. Mason, 82 Ill. 337; Lewis on Eminent Domain, 236. There is no averment in the declaration that the water tower is not such a structure that might be put in the streets. In some States it has been held that such structures may be placed in the streets. West v. Bancroft, 32 Vt. 367.

We think the declaration fails to show a cause of action.

The judgment of the court below is affirmed.