*In re* WIDENING ALLEN ROAD.

1. EMINENT DOMAIN—MEASURE OF COMPENSATION WHERE ONLY
   PART OF PARCEL TAKEN.
     Where only part of parcel of land is taken in condemnation pro-
     ceedings, just compensation is to be determined not only by
     value of land taken, but also by consequential damage to
     remaining portion.

2. SAME—COMPENSATION—CONSEQUENTIAL DAMAGE.
     Where 10 feet of 25-foot business lot was condemned for pur-
     pose of widening street, award of compensation for value of
     land taken without award for consequential damage to re-
     maining portion of lot, was inadequate.

Appeal from ¡Wayne; Keidan (Harry B.), J.
Submitted April 8, 1930. (Docket No. 9, Calendar
No. 34,718.) Decided June 2, 1930. Rehearing de-
nied October 3, 1930.

Condemnation ˙proceedings by Board of County
Road Commissioners of Wayne County to widen
Allen road. Defendants Robert M. Allen and an-
other appeal from award of jury. Reversed.

*James E. Chenot,* Prosecuting Attorney, and
*Dennis Boyle,* for plaintiff.

*Dohany & Dohany,* for defendants.

WIEST, C. J. This is a proceeding by the Wayne
county board of road commissioners, under the
power of eminent domain, to widen Allen road in the
business district of Melvindale, Wayne county.

Defendants own a lot in the village at the north-
east corner of Oakland boulevard and Allen road,
with a frontage of 25 feet on the boulevard and 120

feet along Allen road. This lot is at the center of the business district of the village and suitable for a store and office building. By verdict of jury a strip 10 feet wide abutting Allen road was condemned and compensation fixed at $6,000. Defendants prosecute review by appeal under 1 Comp. Laws 1915, §§ 364-367, and contend that the award is grossly inadequate, gives nothing for lessened value of the remaining portion of the lot, and is contrary to the great weight of the evidence.

The compensation awarded was the exact value of the land taken, as shown by the value witness called by plaintiff, and shows exclusion of consequential damage to the land not taken. The mentioned witness expressed the opinion that the whole lot was worth $600 a foot, frontage on the boulevard, and the 10 feet taken was worth $6,000, and taking the 10 feet would not result in injurious consequences to the remaining 15 feet. Two value experts, called by defendants, set a higher value on the 10 feet taken, and claimed and pointed out the serious consequences of such taking to the remaining 15 feet. It needs no expert to impart knowledge that severance of 10 feet from a business lot 25 feet in width seriously affects the use and lessens the value of the remaining 15 feet.

The governing rule in condemnation cases, from which experts, commissioners, and jurors may not depart in considering compensation, is well established.

In *Re Widening of Bagley Avenue*, 248 Mich. 1, it was said:

"Where only part of a parcel is taken, just compensation is to be determined by the amount which the value of the parcel from which it is taken is diminished. The value of the part actually taken is

allowed as direct compensation, but the decreased value of the residue or parcel on account of the use made of the land taken is also allowable as com- pensation.''

See, also, *In re Widening of Fulton Street*, 248 Mich. 13 (64 A. L. R. 1507).

The circuit judge properly instructed the jury on this subject, and the evidence, viewed in the light of common sense, required the jury to give consid- eration to the claim of consequential damages and to make an award therefor.

The award is set aside, and the case remanded, with direction to have defendants' compensation awarded for the land taken and consequential dam- ages to the remaining land.

Defendants will recover costs.

BUTZEL, CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.