*In re* STATE HIGHWAY COMMISSIONER.

1. EMINENT DOMAIN—OWNER LOSES ALL PRIVATE RIGHTS IN LAND TAKEN.

When land is taken by eminent domain it becomes absolutely the property of the State or other public authority that has condemned it, and former owner retains no such rights in it as to prevent it from being used for general public purposes.

2. SAME—MUNICIPAL CORPORATIONS—RIGHT OF VILLAGE TO REGULATE HIGHWAY.

Where State condemned land in village for purpose of widening State highway, village has right to use it for public improvements and to adopt ordinances regulating traffic thereon and forbidding its use by curb gasoline stations; former owner losing all legal right to use it as private property.

3. SAME—COMPENSATION WHEN ONLY PART OF PARCEL TAKEN.

Where only part of parcel of land is taken in condemnation proceedings, award should compensate for actual portion taken plus cost of altering building and all consequential damages on account of alteration.

4. SAME—DAMAGES—INSUFFICIENT AWARD.

Where land used as outer drive by gasoline station owner was taken by State by condemnation, necessitating removal back of oil station building, and award by commissioners was only slightly more than value of land taken, and apparently did not take into account cost of moving building and consequential damages, award is set aside and remanded for reassessment of damages.

Appeal from Kent; Brown (William B.), J. Submitted October 14, 1931. (Docket No. 100, Calendar No. 35,710.) Decided December 8, 1931.

Condemnation proceedings by Grover C. Dillman, State highway commissioner, to obtain land for the purpose of widening a State trunk line highway in the village of Grandville, Wyoming township, Kent

county. From an order confirming award made, White Star Refining Company, owner of a parcel of condemned land, appeals. Reversed, and remanded for reassessment of damages.

*Travis, Merrick, Johnson & McCobb,* for appellant.

*Paul W. Voorhies,* Attorney General, *Walter A. Rice* and *W. K. Galbraith,* Assistants Attorney General, for appellee.

BUTZEL, C. J. Grover C. Dillman, State highway commissioner, filed a petition in the circuit court for the county of Kent to condemn property for the widening of highway M–21 in the village of Grandville, Wyoming township, Kent county. A determination of necessity had been made to condemn sufficient land so as to widen the entire highway easement to 100 feet, with a concrete pavement in the center 40 feet in width. It was found necessary to take from appellant's property a strip of land 131.75 feet in length, 14.56 feet in width at the west end, and 12.4 feet in width at the east end, abutting the south side of the highway. It constituted the outer driveway of a gasoline station consisting of a building, pumping apparatus, tanks, etc., and a double driveway. The latter is made up of an inner and outer driveway between which there is a narrow space referred to as a "pump island," containing pumps from which gasoline is supplied to automobiles. After taking this strip, which was wholly used as the outer driveway, there remains only the inner driveway, which will border on M–21 when the widening is completed. A corner of the canopy extending over the pump island projects over the

strip condemned. The building and physical property will not be otherwise materially damaged, except that the outer driveway will be wholly, absolutely, and unqualifiedly taken by the State. Upon the hearing, it was shown without contradiction that a gasoline filling station, in order to more readily attract customers and be efficient and profitable, requires two adjoining driveways, so that a double row of cars can be accommodated at the same time; that it would be uneconomical and impractical to substitute a driveway in the rear of the building for the one in front taken by the State; that, in order to restore a double driveway after the condemnation, it would be necessary to rearrange the entire property and to move back and rebuild the entire building. Appellant also owns property in the rear of the gasoline station.

The sole question involved on appeal is whether the commissioners can, by the application of an incorrect rule of law, reduce the compensation an owner is legally entitled to. Appellant appeals from an award of $1,120, which was arrived at by determining the damages to be $1,350 and deducting therefrom the benefits found to be of the value of $230. Appellant claims that the commissioners awarded an inadequate amount because they were impressed by the attorney for petitioner with the claim that, notwithstanding the taking of the outer driveway, appellant would continue to have the legal right to use it after its conversion into a highway, in like manner as it did previous to the condemnation. It was shown that the cost of rebuilding and rearranging the station would be $2,819, exclusive of the value of the land. The contractor's estimate for reconstructing the building was $2,050. The $1,350 damages which appellant was found to be entitled to

was only $395 more than the testimony on the part of the State showed that the land itself was worth. It is evident that little, if anything, was allowed appellant for the other damages it would suffer on account of the cost of moving the station and equipment further to the rear of the property, and reconstructing the building. The record shows that the commissioners were led to believe that appellant would have a lawful right to use the public highway easement in lieu of the outer driveway.

When land is taken by eminent domain it becomes absolutely the property of the State or other public authority that has condemned it. The former owner retains no such rights in it so as to prevent it from being used for general public purposes. In *Warren v. City of Grand Haven*, 30 Mich. 24, 28, in an opinion written by Mr. Justice Cooley, this court stated:

"The dedication of land to the purposes of a village or city street must be understood as made and accepted with the expectation that it may be required for other public purposes than those of passage and travel merely, and that under the direction and control of the public authorities it is subject to be appropriated to all the uses to which village and city streets are usually devoted, as the wants or convenience of the people may render necessary or important: *Kelsey v. King*, 32 Barb. (N. Y.) 410; *West v. Bancroft*, 32 Vt. 367; Dillon, Municipal Corporations (1st Ed.), §§ 544, 545."

See, also, *Village of Grosse Pointe Shores v. Ayres*, 254 Mich. 58. It may become necessary to build sewers, conduits, electric light poles, sidewalks, etc. The property is already in a village which may order such improvements. The right may be asserted by the public authorities to adopt ordinances and other traffic regulations forbidding the impeding of traffic

by curb gasoline stations. The property is taken for all time without restrictions, and appellant loses all legal right to use it as private property. The jury, however, was impressed with the contrary rule. In the examination of the State's main witness, although he stated that consequential damages had been considered, nevertheless on cross-examination he testified that the moving of the station was not considered and he doubted whether it would be moved. The attorney for the petitioner on cross-examining the witness for appellant, in asserting that appellant would have the legal right to continue to use the highway as theretofore, framed his question as follows:

"Assuming that that is the law—I might state that is the law—and that the owner has the use of it, then what, in your opinion, would be the value of this property?"

Again he asked:

"After this taking on of their outer drive-in, they will be on property over which the State has an easement; assuming that they will have the same use of it they have had in the past—over which the State has an easement?"

One of the commissioners in discussing the necessity of rebuilding by appellant, said:

"What the commission understands is that the purpose to do that is problematical; there is no certainty that they will do it—it is an estimate of what the cost will be—under certain contingencies."

A reading of the record leads us to the conclusion that the commissioners took into consideration an unenforceable and an indefinite promise made by the State that the appellant might continue to use the

driveway when converted into a street. The size of the award confirms this conclusion. Where only a part of a parcel is taken, the award should compensate for the actual portion of the land taken, plus also the cost of altering the building and all consequential damages on account of the alteration. *City of Detroit* v. *Loula*, 227 Mich. 189; *In re Widening Bagley Avenue*, 248 Mich. 1; *In re Widening of Allen Road*, 250 Mich. 690.

The order confirming the award of the commissioners is set aside, and the assessment of damages is remanded to the present commissioners or to such others as may be appointed by the court, if necessary, in accordance with the statute, for reassessment of damages.

Wiest, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.