SHELL PIPE LINE CORPORATION, Appellant, v. ALICE V. WOOLFOLK and JOHN L. WOOLFOLK.—53 S. W. (2d) 917.

Division One, October 22, 1932.*

---

*NOTE: Opinion filed at April Term, 1932, September 3, 1932; motion for rehearing filed; motion overruled at October Term, October 22, 1932.

*Thompson, Mitchell, Thompson & Young* and *C. P. Berry* for appellant.

412

*Walter Wehrle* for respondent.

ATWOOD, J.— This is a proceeding commenced in the Circuit Court of St. Louis County by the Shell Pipe Line Corporation. a common carrier for the transportation of oil, and petroleum and its products, by means of pipe lines, to condemn a right of way for "additional pipe line or lines" twenty feet in width and extending for a total distance of 4055 feet on land belonging to Alice V. Woolfolk and John L. Woolfolk, her husband, and consisting of about 331 acres situated on both sides of the St. Charles Rock Road, now U. S. Highway 40, three or four miles west of the city of St. Louis. The parties stipulated for the appointment of commissioners by the court to assess the damages to defendants' land by reason of this condemnation pro-

ceeding. Commissioners were accordingly appointed who subsequently filed their report in which defendants' damages were shown assessed at the sum of $24,900. Plaintiff filed exceptions thereto which were sustained, and trial by jury was demanded, allowed and had. The jury's verdict was for defendants in the sum of $30,000. Judgment was entered in accordance therewith and from this judgment plaintiff has appealed.

The first point urged by appellant is that the trial court "erred in excluding evidence offered by plaintiff that the latter does not fence its right of ways and would not fence the right of way across defendants' land, because this testimony would have tended to reduce the damages to defendants' land."

We find only two references in the record to the matter of fencing or not fencing the right of way. In the course of his examination of plaintiff's vice-president and general manager, counsel for plaintiff, after directing attention to defendants' plat of the Woolfolk property, asked him "whether or not the company will fence that right of way?" The trial court sustained objection of defendants' counsel thereto, counsel for plaintiff excepting and saving exception. Later in the examination of the same witness counsel for plaintiff inquired whether any of plaintiff's right of way from McCarrey, Texas, to East Chicago, Indiana, was fenced. This inquiry was objected to by defendants' counsel as not material. Plaintiff's counsel then said: "I think we should be permitted to go into this to get it into the record, so that we would be bound by the testimony; this right of way which crosses Mr. Woolfolk's property will not be fenced." The objection was sustained, counsel for plaintiff excepting and saving exception.

In arguing the above point counsel for appellant do not contend that the rights that may be acquired by an oil pipe line corporation as the condemning party under the statute which authorizes this proceeding (Sec. 1340, R. S. 1929) do not include the right to fence the right of way condemned. Nor do they claim that plaintiff's petition in this case contained any reservation to the landowner not contained in the statute itself, or any limitation upon the full rights available under this statute to the condemning party in the land sought to be condemned. Their argument is that it was proper without such pleading, for the purpose of minimizing the full damages that might be awarded defendants for all rights available to condemning party under the statute, to inquire of this witness whether or not plaintiff's use of the proposed right of way would be so limited.

Section 1342, Revised Statutes 1929, provides that after the commissioners have assessed damages against the condemning company and filed their report with the clerk of the court in which the proceeding is pending "such company shall pay to the said clerk the

amount thus assessed, for the party in whose favor such damages have been assessed; and on making such payment it shall be lawful for such company to hold the interest in the property so appropriated for the uses aforesaid." Section 1344, Revised Statutes 1929 provides for review of said report upon exceptions filed, order for new appraisement for good cause shown by a jury if requested by either party, "and any subsequent proceedings shall only affect the amount of compensation to be allowed."

The well-established doctrine in this State is that the condemning party may appropriate less than the full rights available under the statute, and the fact that the use is so limited is a proper matter for consideration in fixing the amount of damages to be allowed. [Ry. Co. v. Clark, 121 Mo. 169, 194, 25 S. W. 192, 196; City of Cape Girardeau v. Hunze, 314 Mo. 438, 462, 284 S. W. 471; 20 C. J. pp. 766, 767, notes 63, 64.] But, as said in 20 Corpus Juris, pages 768, 769, notes 67, 68 citing, St. Louis, etc., Railroad Co. v. St. Louis Union Stock Yards Co., 120 Mo. 541, 25 S. W. 399, and cases in other jurisdictions:

"The probability that the appropriator will not exercise, or the fact that there is no present intention of exercising, to the full extent the rights acquired should not be considered in reduction of the damages, where there is nothing to prevent a full exercise of such rights, since the presumption is that the appropriator will exercise his rights and use and enjoy the property taken to the full extent."

And our decisions hold that the condemning party's purpose to exercise less than the full rights available under the statute should appear with reasonable certainty in the petition or be brought in by way of amendment thereto. [Ry. Co. v. Clark, 121 Mo. 169, 194, 200, 25 S. W. 192, 196; Ry. Co. v. Knapp, Stout & Co., 160 Mo. 396, 407, 61 S. W. 300; 20 C. J. 957, n. 96.]

Counsel for plaintiff evidently proceeded on the theory that without pleading any limitation whatever upon the right of appropriation theretofore acquired under and by virtue of the commissioner's report duly filed and payment in court of the damages as assessed, plaintiff could on the new appraisement by the jury, for the purpose of minimizing defendants' damages, inquire of this witness whether or not plaintiff would in the future exercise the right to fence the right of way. In justification of this informal effort to accomplish what plaintiff clearly could have done upon amendment of the petition on which this reappraisement was proceeding, counsel for appellant quote the following excerpt from the Clark opinion, 121 Mo. 169, 197:

"No good reason can be seen why the condemning company should not have the right to announce, upon the trial, and have made a

matter of record, if not done in its petition, the manner in which the right of way should be used, otherwise the jury would have the right to make the award on the basis of the most injurious use to which the easement could be lawfully applied in the construction and operation of the road.''

It must be borne in mind that in the Clark case the condemning party had offered in evidence a stipulation, signed by its engineer, containing an explicit offer to construct and maintain two open crossings for defendants' use not provided by statute. In this case plaintiff did nothing of the kind. The witness never answered the questions propounded and plaintiff's counsel made no formal offer of proof as to what his testimony would be, made no request for leave to amend the petition, and presented no stipulation to be ''made a matter of record'' in the case to so limit plaintiff's use.

It is not clear whether counsel's statement, ''this right of way which crosses Mr. Woolfolk's property will not be fenced,'' was in explanation of what he thought this witness would say or was an expression of his own opinion as to the limited use plaintiff would in the future make of this right of way already condemned and appropriated under plaintiff's petition which substantially followed the statute. In neither case should the statement be taken as amending the petition, and in the state of the pleading the above quotation from the Clark case is no warrant for pursuit of the inquiries here contended for—especially in view of the following more positive expression in the Clark opinion (l. c. 194):

''Where the condemning company proposes to reserve to the landowner some right or easement not reserved by the statute itself, the reservation should be made in the original or by an amended petition. In other words the petition should set forth what the company proposes to take. The easement reserved to the landowner should be specifically defined and located, so that the rights of the parties may be then and thereafter protected.''

 It is next contended in appellant's behalf that the trial court erred in giving instruction numbered 1 because it ''excludes from the jury's consideration the fact that defendants can make all uses of the land covered by the right of way which do not interfere with the exercise by plaintiff of its right to the use of said right of way for its pipe line.'' The authorities cited in support of this point are: Prairie Pipe Line Co. v. Shipp, 305 Mo. 663, 267 S. W. 647; St. Louis, etc., Railroad Co. v. Clark, 121 Mo. 169, 25 S. W. 192, 196; and 20 C. J. 766, sec. 227.

We have already discussed the doctrine announced in the last two authorities. In the Shipp case the petition alleged (l. c. 675) that its pipe lines would be laid at least twenty inches underneath the

surface so as not to prevent or interfere with the cultivation or use of the right of way by defendants except while plaintiff was engaged in laying, removing or repairing its said pipe lines; that said pipe lines would be laid so as not to interfere with the drainage of said right of way or the lands adjacent thereto; that plaintiff would at no time fence or inclose said right of way, but same would be left open so defendants and their grantees would at all times have unobstructed passage over it and the right to cultivate, use and enjoy it as part of their farms in connection therewith, except only when plaintiff should be actually engaged in laying or repairing said pipe lines. The petition in the instant case contained no such provisions. On the contrary, it is therein alleged and prayed:

"That said defendants are husband and wife and are the owners of the land hereinafter described, in, through, under and across which it is contemplated by your petitioner to construct said pipe line or lines, and which your petitioner seeks to appropriate for public use for a right of way for its said pipe line or lines, and which right of way across said land is necessary for said pipe line or lines, . . . that your petitioner has filed herewith a plat showing the location, course and distance of the right of way herein sought to be condemned, over and across the said described various tracts of land, . . . Wherefore, your petitioner prays for the appointment of three disinterested freeholders of the County of St. Louis, State of Missouri, to assess the damages which said owners may sustain by reason of the condemnation of said described strip of ground and the establishment, construction and operation of said pipe line or lines of your petitioner, in, through, under and across said land, in accordance with the statutes of this State in such case made and provided."

Counsel for appellant say that the above mentioned allegations in the Shipp petition "added nothing to the rights which the defendant landowners would have had under the law." This assertion appears to be unwarranted. The statute (Sec. 1340, R. S. 1929) provides for the assessment of the damages which the landowners may severally sustain in consequence of the erection and maintenance of necessary pipe lines "over or underneath the surface of such lands." It confers upon the condemning party all rights in the land condemned necessary to accomplish the purposes for which the land is taken. While judicial notice may be taken of the fact that the surface use of right of way condemned for oil pipe line purposes is not the same as the surface use of railroad right of way, yet the statute itself plainly contemplates damages for the erection and maintenance of pipe lines either over or underneath the surface of the right of way taken, and unless the condemning party expressly limits its surface use or reserves such to the land owner it cannot be said as a matter of law

that it may not, in prosecution of its rights to so erect and maintain pipe lines, fence the right of way or otherwise hinder or even entirely prevent surface use of the right of way by such land owner. In the instant case plaintiff failed to plead any such limitation or reservation, and we find no merit in appellant's above claim that the court erred in giving instruction numbered 1. [Ry. Co. v. St. Louis Union Stock Yards, 120 Mo. 541, 561, 562, 25 S. W. 399, citing the Clark case, supra; Ry. Co. v. Knapp, Stout & Co., 160 Mo. 396, 407, 61 S. W. 300.]

 Counsel for appellant also say that the court erred in giving instruction numbered 2, because it "authorized the jury to consider damage to land, when there was no testimony tending to show that such land was damaged, and the only testimony regarding said land was that it was not damaged." This instruction is as follows:

"In passing upon the question of compensation the jury should consider all the land owned by the defendants mentioned in the evidence as one tract or body, if they believe from the evidence that the defendants used and occupied their said land as an entirety, or as one place or premises, on the 5th day of June, 1928, notwithstanding parts of the same are separated from other parts by public highways, and if the jury believe from the evidence that all of said land was so used and occupied by the defendants, and that same constituted one tract or body of land, then in estimating the damages the jury should take into account not only the land taken, but the depreciation, if any, in the market value of the whole tract."

It fairly appears from the evidence that defendants owned about 331 acres of land through which plaintiff's right of way ran diagonally for nearly a mile; that they were holding all the land for subdivision purposes; and that the taking of the right of way materially damaged the entire acreage. It was proper to give the above instruction.

Appellant further insists that the court erred in refusing plaintiff's tendered instruction because it contained the omission from defendants' given instruction numbered 1 above complained of. The reasons already assigned for ruling that point against appellant's contention likewise dispose of this assignment.

Appellant's last point is that "the damages found by the jury are excessive." The argument advanced in support of this assignment is largely a repetition of matters urged in support of appellant's points 1 and 2, first above considered, and again presented on the theory that the jury's verdict was the result of such alleged errors in the trial and submission of the case. Finding no reversible error in these respects, and it appearing that there was substantial evidence to sup-

418

port the verdict, the general rule applicable to verdicts in law cases should be followed and this verdict left undisturbed. [20 C. J. pp. 116, 119, sec. 488d.]

The judgment is affirmed. All concur.

*NOTE: Opinion filed at April Term, 1932, September 3, 1932; motion for rehearing filed; motion overruled at October Term, October 22, 1932.