ARK. STATE HIGHWAY COMM. *v.* WILMANS

5-3483                                      388 S. W. 2d 916

Opinion Delivered April 12, 1965.

282

*Mark E. Woolsey* and *Thomas B. Keys,* for appellant.

*Wayne Boyce* and *Fred Pickens, Jr.,* for appellee.

GEORGE ROSE SMITH, J. This condemnation proceeding arises from a reconstruction project by which part of U.S. Highway 67 has been widened. The landowner, Charles H. Wilmans, formerly operated a liquor store and beer tavern upon a triangular tract of about seven-tenths of an acre, abutting the highway. The effect of the taking is to narrow the tract to such an extent that the tavern can no longer be maintained and the liquor store has an inadequate parking area for its customers. The jury awarded Wilmans compensation of $20,000.

According to the original plans for the project a concrete curbing or island, ten inches high, was to be built as a traffic control along nearly all of Wilmans' 100 feet of frontage on the highway. If the plans had been followed this curbing would have greatly impaired the facility with which Wilmans' customers could enter and leave his property. In fact, however, the plans were not followed; the curbing was not built. The appellant insists that the trial court erred in excluding proof that the plans had been changed and in permitting the landowner's witnesses to

take the proposed curbing into account in estimating Wilmans' damage.

We think the appellee is right in contending that the Commission's proof fell short of showing such a change in the plans as would bind the Commission in the future. The Commission's complaint asserted in substance that the highway would be rebuilt in accordance with ''plans . . . on file at the Arkansas State Highway Department in Little Rock.'' By stipulation the original plans, showing the curbing, were introduced in evidence.

In its effort to prove a change in the plans the Commission called as a witness its resident engineer on the job, Ralph Wyatt. Objections to most of Wyatt's testimony were sustained. There was no clear-cut offer of what his proof would have been, but apparently he intended to testify that the proposed curbing was abandoned pursuant to an oral agreement that was reached in a discussion he had with the opposing attorneys in the case. He also said that he had prepared a sketch showing the agreed change. This sketch is not in the record, however, nor is it shown to have been of binding force as an official document. The Commission also called Wilmans' attorney as its own witness, but he testified that the sketch did not correctly reflect the agreement and, further, that the highway department had violated its agreement.

It will be remembered that the Commission's complaint affirmatively asserted that the project would follow plans that were a matter of public record in Little Rock. Unquestionably this allegation was meant to fix the rights of both litigants with respect to the property being condemned. The binding effect of a judgment as *res judicata* is ordinarily determined by an examination of the pleadings and the judgment, not the testimony. *Webb* v. *Herpin,* 217 Ark. 826, 233 S.W. 2d 385. Hence if the highway department should decide in the future to put in the curbing the landowner will not be in a position to claim additional compensation for a new interference with his rights of ingress and egress. We think the pleadings and the public records in Little Rock should have been amended to effect a binding change in the plans.

This case has been tried twice. At the first trial Joe Stafford testified without objection as an expert witness for the landowner. Stafford was ill at the time of the second trial, and the court permitted the landowner to introduce his prior testimony. We find no error. The statute authorizes the use of former testimony taken in the same case between the same parties. Ark. Stat. Ann. § 28-713 (Repl. 1962). In the course of his testimony Stafford said that he considered the buildings, the business, and everything in arriving at his estimate of Wilmans' damage. It is argued that his reference to the business was contrary to our ruling on the first appeal that the profits from the business could not be considered. *Ark Highway Comm.* v. *Wilmans,* 236 Ark. 945, 370 S.W. 2d 802. Stafford, however, said nothing about the profits. It was proper for him to consider the business, not only because he thought the tract best suited for use as the site of a liquor store but also because the property had exceptional value in that respect, as it was shown to be the last liquor store site before the highway enters a number of counties where the sale of liquor is prohibited.

It was permissible for the court to give an instruction in the pertinent language of the statute that forbids encroachments upon the public highways. Ark. Stat. Ann. § 76-544 (Repl. 1957). Inasmuch as the taking left Wilmans with a tract so small as to be hardly adequate for the operation of his business, there was no unfairness in cautioning the jury that he could not alleviate that hardship by encroaching upon the public right of way.

The appellant's final contention is that the judgment is excessive. Four qualified witnesses for the appellant gave estimates of Wilmans' damage that ranged from $29,000 to $43,000. Their testimony was competent and constitutes substantial evidence supporting the verdict of $20,000.

Affirmed.
McFaddin, J., not participating.