WILLARD M. HENDERSON, appellant, v. IOWA STATE HIGHWAY COMMISSION, appellee.

No. 52515.

(Reported in 151 N.W.2d 473)

JUNE 6, 1967.

K. C. Christianson, of Jewell, and Alan Loth, of Fort Dodge, for appellant.

Richard C. Turner, Attorney General, L. Michael McGrane, Assistant Attorney General, and Gerald L. Shaffer, of Fort Dodge, for appellee.

MOORE, J.—This is a road condemnation in conjunction with construction of Interstate Highway 35 north through Hamilton County. Prior to condemnation, plaintiff, Willard M. Henderson, owned and was operating a farm including the following described real estate:

SE¼ SW¼ and SW¼ SE¼ of Section 6, and NW¼ NE¼ of Section 7, both in Township 86, North of Range 23, West 5th P.M., Hamilton County, Iowa.

An east-west county road ran along the south side of the two quarters in Section 6 and the north side of plaintiff's above described 40 in Section 7. Plaintiff's home and some of his farm buildings were in the northwest corner of his land in Section 7. Other farm buildings were directly north across the county road. This east-west county road between the sections was plaintiff's sole access.

The Iowa State Highway Commission's notice to Henderson and the papers filed with the sheriff described by metes and bounds the area being condemned. The initial papers condemned the fee title to the described area, including the county road and stated plaintiff was to have no right of direct access.

The plat filed showed interstate 35 would take land along the west side of plaintiff's 40 in Section 7 and divided and took

part of his two 40's in Section 6. It also showed a 16-foot-high overpass would be constructed just north of the existing county road. This took plaintiff's buildings on the north side of the county road and some of his land both east and west of interstate 35. The overpass east of 35 extended the entire length of plaintiff's above described land.

The duly appointed sheriff's jury met, viewed the property and assessed Henderson's damage at $25,500.

The highway commission then appealed to the district court. The notice of appeal contained the same description and statements as used in the commission's prior papers. Henderson, as required by Code section 472.21, filed a petition as plaintiff in the district court. He therein asked he be awarded $41,000.

During the jury trial in district court the evidence, including plaintiff's testimony, pointed out plaintiff's home and other buildings would be bounded on the west by interstate 35 and on the north by the high overpass without any right of ingress or egress other than building a road to the east on his land until he reached the county road east beyond the overpass. Plaintiff stated this would reduce his crop acreage about 10 acres. It was also shown he would have no access from his east 40 in Section 6.

Plaintiff testified the fair market value of his farm, which totaled 240 acres, before condemnation was $150,000 and $90,000 thereafter. Another witness stressed the fact plaintiff's farm was being divided into three separate parcels and gave substantially the same estimates of value before and after condemnation.

Following this evidence and during the third day of trial the commission filed an amendment to its answer granting to plaintiff a written easement over a part of the old county road just north of plaintiff's home and remaining buildings. It thus gave plaintiff a right to use part of the old county road and access to the overpass some distance east of plaintiff's home. A farm entrance to plaintiff's east 40 in Section 6 was also granted. This eliminated construction of a road over plaintiff's land and loss of crop acreage.

Plaintiff was then recalled and testified with the **granted**

easement and newly granted right of access the after value of his farm was $94,000 or $95,000. This evidence was not contradicted in the record.

The trial court submitted the diminished condemnation to the jury. It made an award of $22,700. The court's entry thereafter carefully established plaintiff's easement and right of access.

Plaintiff then filed a motion for allowance of attorney fees and taxation of costs against defendant-commission. After taking evidence the trial court denied allowance of attorney fees and taxed the costs evenly between plaintiff and defendant. Plaintiff has appealed from the ruling on this motion. We reverse and remand.

Section 472.33, Code 1966, provides: "Costs and attorney fees. The applicant shall pay all costs of the assessment made by the commissioners. The applicant shall also pay all costs occasioned by the appeal, including reasonable attorney fees to be taxed by the court, unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the tribunal from which the appeal was taken."

Plaintiff contends attorney fees and all costs should be allowed as the record fails to establish the total award was less than the amount allowed by the sheriff's jury. He argues the award for the diminished condemnation plus the value of the easement and right of access, $4000 or $5000, exceeds the sheriff's jury award.

Defendant in resistance to the motion submitted testimony of three of the six sheriff jurors that they were told by condemnation agents while at the farm Henderson would be allowed the use of the old county road and would be granted access from his buildings. This testimony was taken over plaintiff's objections. One of the two condemnation agents had been so employed for less than three months. Some misconception may have been caused by the commission's failure to shade all the condemned area on its plat.

One of the condemnation agents testified he told plaintiff he would have use of the old county road. Plaintiff testified such a statement was made but not accepted or relied upon by him.

He testified his first legal assurance of any use or easement first came during the trial when defendant amended its answer and granted him these rights in writing.

■ I. Taking of fee title is a taking of the entire title and necessarily includes all lesser estates embraced in the whole. Taking of a fee to land by condemnation includes all appurtenances. Richland Irrigation Dist. v. United States, 9 Cir., 222 F.2d 112; 30 C. J. S., Eminent Domain, section 450, pages 637, 638; 26 Am. Jur.2d, Eminent Domain, section 130, page 789.

■ In 30 C. J. S., Eminent Domain, section 449, pages 618, 619, the editor states: "Generally, where there is a proper exercise of the right of eminent domain, the legal entity condemning the property obtains an absolute right, title, and interest therein, and the title so conferred is good against the world. Ordinarily where unlimited use is contemplated, condemnation abrogates and extinguishes all pre-existing interests in the property."

II. Under this condemnation proceeding until the amendment during trial fee title to the described area, including the county road, was being taken. Thereunder plaintiff's right of access was being extinguished. Schrimper v. Chicago, M. & St. P. Ry. Co., 115 Iowa 35, 87 N.W. 731; Roberts v. Upper Verdigris W. J. Dist., 193 Kan. 151, 392 P.2d 914; Arkansas State Highway Comm. v. Wilmans, 239 Ark. 281, 388 S.W.2d 916; In re State Highway Commr., 256 Mich. 165, 239 N.W. 317; Carolina Central Gas Co. v. Hyder, 241 N. C. 639, 86 S.E.2d 458. See also 27 Am. Jur.2d, Eminent Domain, section 396; 30 C. J. S., Eminent Domain, section 450.

■ III. An unaccepted promise, promissory statements or declaration of future intentions by a condemnor as to what will be done or not done with respect to the property condemned, or to that left untaken and to the rights of the landowner in relation thereto, cannot affect the character or extent of the condemnor's rights acquired or the amount of damages it must pay as just compensation. De Penning v. Iowa Power & Light Co., 239 Iowa 950, 955, 956, 33 N.W.2d 503, 506, 5 A. L. R.2d 716, 721, and citations; Richland Irrigation Dist. v. United States and Roberts v. Upper Verdigris W. J. Dist., both supra; Coos Bay Logging Co. v. Barclay, 159 Ore. 272, 79 P.2d 672; Shell Pipe

Line Corp. v. Woolfolk, 331 Mo. 410, 53 S.W.2d 917; Board of Education v. Shafer, 147 W. Va. 15, 124 S.E.2d 334; Kentucky Water Service Co. v. Gibbs, Ky., 239 S.W.2d 62. See also 26 Am. Jur.2d, Eminent Domain, section 152; 27 Am. Jur.2d, Eminent Domain, section 272; 29A C. J. S., Eminent Domain, section 155; Annotation, 7 A. L. R.2d 364.

IV. In Moran v. Iowa State Highway Comm., 223 Iowa 936, 941, 274 N.W. 59, 62, a condemnation case, we say: "What one holds by the grace or favor of another he holds by a tenure too uncertain to give it any value whatever. Had there been any reservation made through these proceedings by which any advantages which appellee may now have, through the favor of the highway authorities, could be claimed and enforced as a matter of right, a different situation would be presented."

Plaintiff does not challenge defendant's right to diminish its condemnation during trial. Such right is clearly recognized in De Penning v. Iowa Power & Light Co., supra, 239 Iowa 950, 33 N.W.2d 503, 5 A. L. R.2d 716. Prior thereto, however, the promises and statements of defendant's condemnation agents meant nothing.

In assessing damages it is not what the condemnor intends to do, but what it acquires the right to do that determines the quantum of damages. Carolina Central Gas Co. v. Hyder, 241 N. C. 639, 86 S.E.2d 458, 460; 29A C. J. S., Eminent Domain, section 155, page 658.

V. It was the duty of the sheriff's jury to assess plaintiff's damages according to the notice given plaintiff and the application filed with the sheriff. Testimony of the three sheriff's jurors regarding their consideration of the condemnation agents' statements contrary to the notice and application should have been excluded and not considered by the trial court. Klopp v. Chicago, M. & St. P. Ry. Co., 142 Iowa 474, 479, 480, 119 N.W. 373, 376; Arkansas State Highway Commission v. Wilmans, 239 Ark. 281, 388 S.W.2d 916; Pursiful v. Commonwealth, 212 Ky. 690, 279 S.W. 1106; Roberts v. Upper Verdigris W. J. Dist., supra, 193 Kan. 151, 392 P.2d 914; Village of Ridgewood, v. Sreel Investment Corp., 28 N. J. 121, 145 A.2d 306;

Shell Pipe Line Corp. v. Woolfolk, 331 Mo. 410, 53 S.W.2d 917. See also 7 A. L. R.2d at page 383.

■ ■ VI. We do not agree mere comparison of the amounts of the sheriff's jury and the trial court jury's rewards determines whether attorney fees should be allowed. Plaintiff was compelled to employ counsel and litigate. His net award was larger than that allowed by the sheriff's jury. The undisputed record is that a difference of $4000 or $5000 came in the form of the easement and right of access. Under Code section 472.33 costs and attorney fees are to be paid by the commission unless the exception is shown. The record discloses the amount allowed on trial totals more than that of the sheriff's jury. We hold all costs, including reasonable fees for plaintiff's attorney, must be taxed against defendant.

This case is reversed and remanded to the trial court for taxation of costs and determination of reasonable attorney fees and an award thereof.—Reversed and remanded.

All JUSTICES concur.