Syllabus.

# Staunton.

## Louisville & Nashville Railroad Company v. Interstate Railroad Company.

September 10, 1908.

Absent, Keith, P.

1. STATUTES—*Construction—Constitutionality.*—Where two constructions may be given a statute, one of which is clearly within the legislative power, and the other not, the legislature will be held to have intended to do that which it had the right to do, and not that which was beyond its powers.

2. EMINENT DOMAIN—*Railroads—Connecting Tracks—Compensation.*—The lands of a railroad company cannot be taken against its consent, without compensation, for the purpose of constructing a connecting track with another railroad for the joint use of the two. To take from a railroad company the exclusive right to the use of its property, or any part thereof, and limit its use therein to any particular purpose, and give another railroad company an equal or joint right in the use of it for that purpose, is a taking within the meaning of the Constitution. While clause 37 of sec. 1294-d, Code, 1904, which provides how such connections are to be made, makes no provision for compensation, it must be construed in subordination to the constitutional provision which requires compensation to be made where private property is taken for public uses.

3. RAILROADS—*Connecting Tracks—Compensation—Code, 1887, Sec. 1907.*—Sec. 1097 of Code, 1887 (clause 4, sec. 1294-h, Code, 1904) enacted prior to the incorporation of the appellant company, reserving the right to the general assembly to provide for connecting any work of internal improvement with any other such work at such point as it may see proper, does not deprive appellant of the right to compensation if its property is taken in making the conection.

4. EMINENT DOMAIN—*Money Compensation.*—An individual or corporation entitled to compensation for lands taken for a public use, is entitled to payment thereof in money, and cannot be compelled to take rights or interests, however valuable they may be, in the prop-

erty or works of the person who caused the property to be so taken. No benefit, however great, which may result to the land owner from the taking can diminish the amount of compensation in money to which he is entitled for the land taken.

Appeal from a decree of the Cicuit Court of Wise county. Decree for defendant.   Complainant appeals.

*Reversed.*

The opinion states the case.

*C. T. Duncan* and *Henry L. Stone,* for the appellant.

*Bullitt & Kelly,* for the appellee.

Buchanan, J., delivered the opinion of the court.

The Interstate Railroad Company, the appellee, in extending its line of road, desired to cross the track of the Louisville & Nashville Railroad Company, the appellant, and make connection with it at Appalachia.   The two companies being unable to agree upon the place and method of crossing, or of making the connection, the controversy was taken before the State corporation commission for settlement, under the provisions of clause 3, section 1294-b, and clause 37, section 1294-d of Va. Code, 1904.   That commission entered an order authorizing the appellee to make both the crossing and the connection, and fixing the places and manner in which they should be made.

The connecting track, as provided for by the order of the commission, will have to be constructed through the yard of the appellant, and will, as is alleged in its bill, take a strip of its land 321 feet in length, 35 feet wide at one end and 45 feet wide at the other.   For the land thus authorized to be taken or used for the connecting track and for damages to the residue of its property, the appellant claimed that it was entitled to compensation.   This claim was denied by the appellee, and it was preparing to enter upon the lands of the appellant to con-

struct the connecting track when the appellant filed its bill to enjoin its construction until compensation had been made. Upon demurrer to the bill the injunction was refused and the bill dismissed, upon the ground that the connection proposed, being for the joint use of both roads, was not a taking of private property for public use, and the appellant was therefore not entitled to compensation for the use of its land for that purpose. From that decree this appeal was granted.

Clause 37 of sec. 1294-d, Va. Code, 1904, provides, that where one railroad company wishes to connect with another and they are unable to agree upon the point of connection, the State corporation commission may decide the question in dispute and enter the proper order. It further provides, that "such connection, if made, and all costs and expenses of the operation and maintenance of such connection, including signals and other things deemed necessary by the company with which said connection is made, for the proper operation and protection thereof, shall be borne and paid by the company making such connection;" but it contains no provision in terms as to the payment of compensation to the company with which the connection is made for land taken or damaged, if any, in making the connection. The absence of such a provision in the statute, it is argued, shows that the legislature did not intend that such company should have compensation, especially in the light of the requirement of clause 3 of section 1294-b, Va. Code, 1904, that when one railroad company crosses the line of another it shall make compensation for the damages done, if any, to that other by the crossing, to be ascertained according to the laws regulating the right of eminent domain.

If these were the only provisions of law upon the subject, that contention would clearly be correct. But if, as insisted by the appellant, such a construction would be in conflict with the Constitution, it ought not to be given, if the clause will bear any other reasonable construction not in conflict with the Constitution; for where two constructions may be given a

statute, one which is clearly within the legislative power, and the other not, the legislature will be held to have intended to do that which it had the right to do, and not that which was beyond its power. *Martin* v. *South Salem Land Co.*, 94 Va. 28, 36-7; 26 S. E. 591. See also Sutherland on Stat. Constr., secs. 287-291; 15 Cyc. 641-2, and cases cited in notes 62 and 63.

Sec. 159 of the Constitution declares that the "exercise of the right of eminent domain shall never be abridged nor so construed as to prevent the general assembly from taking the property and franchises of corporations and subjecting them to public use the same as the property of individuals; * * * "

Sec. 58 of the same instrument prohibits the enactment of "any law whereby private property shall be taken or damaged for public uses without just compensation."

The order of the State corporation commission provides that the connecting track which it authorizes the appellee to construct shall be for the joint use of both roads. The effect of this is to give the appellee the same right in the use of the strip of land upon which the connecting track is constructed as the appellant itself has during the period of such joint user.

It is clear that to take from a railroad company the exclusive right to the use of its property, or any part thereof, and limit its use therein to a particular purpose and give another railroad company an equal or joint right in the use of it for that purpose, is a taking within the meaning of the Constitution.

Lewis in his work on Eminent Domain, sec. 267-d, in discussing the joint use of tracks, says, that questions as to such use "have arisen mainly with reference to street railways. A power to provide for such joint use is undoubtedly essential to the public good. It has been intimated that it may be done under the police power. But property cannot be taken from the owner and devoted to a public use under the police power. Some cases seem to refer the powers to provide for the joint use of tracks to the reserved power to repeal, alter or amend charters of railroad companies. But power to alter, amend or

repeal a charter does not confer authority to deprive a corporation of its property or destroy vested rights. It is clear that the tracks and franchises of a street railroad company, as well as of any other railroad company, are property within the meaning of the Constitution. It follows that one company cannot be authorized to take the joint use of another's tracks, except by the exercise of the power of eminent domain. All the cases practically concede this by holding that compensation must be made."

A railroad company's right of way, as was said by the Supreme Court of the United States in *Western Union Tel. Co.* v. *Penn. Railroad Co.*, 195 U. S. 540, 570, 49 L. Ed. 312, 25 Sup. Ct. 133, "is private property even to the public in all else but an interest and benefit in its uses. It cannot be invaded without the guilt of trespass. It cannot be appropriated, in whole or in part, except upon the payment of compensation. In other words, it is entitled to the protection of the Constitution, and in the precise manner in which that protection is given. It can only be taken by the exercise of the powers of eminent domain.   *   *   *   "

Sec. 1097 of the Code of 1887 (clause 4, sec. 1294-h, Va. Code, 1904), enacted prior to the incorporation of the appellant, reserving the right to the general assembly to provide for connecting any work of internal improvement with any other such work at such point as it may see proper, does not, as is argued, deprive appellant of the right to compensation if its property is taken in making the connection.

"It is frequently provided," says Lewis on Em. Dom., sec. 286-b, "in constitutions and statutes, that railroads shall have the right to intersect or connect with, to join or unite with, any other railroad. These provisions do not confer any right upon one railroad to use the tracks of another longitudinally, or to acquire the right of joint use."

If the right to form a connection does not confer upon the road seeking it any right to the use of the tracks of the road

with which it connects, *a fortiori,* it would not confer the right to construct a connecting track upon the lands of the other for their joint use, without compensation.   See *R. & D. R. Co.* v. *D. & N. &c. R. Co.,* 104 N. C. 658, 10 S. E. 659; *East St. L. &c. Ry. Co.* v. *Bellville &c. Ry. Co.,* 159 Ill. 544, 42 N. E. 974.

We are of opinion, therefore, that under the Constitution the lands of the appellant cannot be taken upon which to construct the connecting track for joint use against its consent without compensation.   And we are further of opinion, that while clause 37 of sec. 1294-d, Va. Code, 1904, does not provide for the payment of compensation, there is nothing in it which is repugnant to the Constitution, which requires compensation to be made when private property is taken for public uses, and that the statute should be construed in subordination to that constitutional requirement.   See 15 Cyc. 641-2 and cases cited in notes 62 and 63.

Being entitled to compensation for its lands taken or used in constructing the connecting track, the appellant was entitled to payment thereof in the manner prescribed by law—that is, in money.   We know of no authority or power by which a person, whether individual or corporation, can be deprived of his property for a public use and be compelled to take as compensation therefor rights or interests, however valuable they may be, in the property or works of the person who caused his property to be so taken.   No benefit, however great, which may result to the land owner from the taking can diminish the amount of compensation in money to which he is entitled for the land taken.   *Mitchell* v. *Thornton,* 21 Gratt. 164, 178-9.

The decree appealed from must be reversed and set aside, the demurrer to the bill overruled, and the cause remanded to the circuit court for further proceedings to be had not in conflict with the views expressed in this opinion.

*Reversed.*