WALTER H. REYNOLDS *et ux. vs.* STATE BOARD OF PUBLIC ROADS.

MAY 21, 1934.

PRESENT: Stearns, C. J., Rathbun, Murdock, and Hahn, JJ.

MURDOCK, J. This is a petition for the assessment of damages sustained by the petitioners by reason of the taking by condemnation for highway purposes of a part of their land by the respondent board—hereinafter referred to as the board. A jury in the Superior Court awarded as damages $2,250 and the case is here on the board's exceptions—fourteen in number—all of which are to rulings admitting and rejecting evidence.

The land in question is located on the Danielson Pike, so-called, in the town of Scituate. In 1920 the board widened said Pike and for this purpose took under condemnation proceedings certain lands by filing Plat No. 9 in the office of the town clerk of the town of Scituate. In 1923, petitioners purchased their land, which abuts on said highway as widened, and allege that they graded the same to the level of the highway from the highway line to about sixty-five yards back therefrom. On this land the petitioners erected a building used as a residence and as a public eating place. They also conduct a gasoline filling station located near the house.

The first, second, third, eleventh and twelfth exceptions are to the admission of testimony as to the profits from the sales of gasoline in 1930, 1931 and 1932, and the testimony of real estate experts as to the damage sustained by the petitioners based in part on the loss of profits from the gasoline business.

The statute which authorizes the board to acquire land for highway purposes makes no provision for compensation for loss of business profits, and in the absence of such provision no compensation can be recovered for the same. *State Airport Commission* v. *May*, 51 R. I. 110. While the availability of the petitioners' land as a suitable site for a gasoline station may properly be considered as an element of value in the land taken, "the proper inquiry is, not what is the value of the property for the particular use, but what is it worth in the market, in view of its adaptation for that and other uses." *Greene* v. *State Board of Public Roads*, 50 R. I. 489.

The petitioners in their brief say that they make no claim for loss of profits but argue that evidence as to the profits is admissible as bearing on the question of the value of the land taken. But there is no way of confining evidence of profits to the issue being tried, which was: "What is the difference between the market value of the land before and after the taking so far as directly affected thereby?" *Johnston* v. *Old Colony R. R. Co.*, 18 R. I. 642. Such evidence once admitted may enter into the award and the rule that loss of profits is not recoverable may be evaded. One of the petitioners' real estate experts testified as follows: Q. "Were there any other elements of damage?" A. "There was a gas station business which would be wiped out, of course." Q. "Go ahead." A. "And I figured that Mr. Reynolds was deprived of a source of income, and that he was damaged a thousand dollars." Q. "You are basing that, are you, upon the testimony that Mr. Reynolds' income had been thirty-six dollars a month from that?" A. "Yes, sir." It is clear that his estimate of petitioners' damage included an allowance for loss of profits. The exceptions to this line of testimony are sustained.

The board maintains that the petitioners' gasoline pumps are not located on their own land but are within the limits of the highway. Walter H. Reynolds was permitted, over objection, to testify that he had measured with a stick from

an iron rod, or pipe, which he had driven into the ground, to the drill hole in a stone bound that was formerly on the edge of the highway, and that his measurement showed the gasoline pumps to be on the land of the petitioners.

A civil engineer, basing his testimony largely on the accuracy of petitioners' measuring stick, testified that in his opinion the tanks were located on petitioners' land. The tanks as indicated on Plat No. 370—which is the plat upon which the present condemnation proceedings rest—appear to be within the limits of the highway. The board's objection to this testimony goes to its weight rather than to its admissibility. If the petitioners are satisfied to rely on testimony of this character to prove that an official plat which is of public record is inaccurate we see no reason why such testimony should be excluded. Exceptions four and seven are overruled.

The thirteenth exception is to the exclusion of testimony offered by the board as to the grade of the reconstructed road. Near the petitioners' house, upon a grade stake driven in the ground, the grade of the highway when completed was indicated to be one foot above the arrow point on said stake. Basing his testimony largely on the grade indicated by this stake, petitioners' engineer testified that the reconstructed highway would be above the grade of petitioners' land and that the house would have to be raised and one thousand cubic yards of filling used to restore their premises to the same relative position to the new highway as to the old.

It is the contention of the board that the highway when completed was to be, at its center, one foot above the arrow point on said stake, but after reconstruction, owing to the fact that there was to be a slope in the road, there would be little, if any, difference of grade between the side line of the road and petitioners' premises.

In support of this contention an engineer in the employ of the board testified from a plan showing cross-sections of the road at several stations on the engineering plat at the

petitioners' property. This testimony was to the effect that the new road when completed would be at its juncture with petitioners' land about one inch below its former grade. While this witness was on the stand there was a short recess of the court during which the witness talked with counsel for the board. An objection was made to the witness further testifying. As the witness was not warned not to talk with counsel during the recess, and as he was testifying as to technical matters, we can see no objection to counsel talking to the witness for the purpose of informing himself as to matters of a purely technical nature. The following question was asked: "Is the Reynolds house, as it stands, to be above or below the grade of the Danielson Pike as it will be when the road is completed?" On objection the witness was not permitted to answer this question under the ruling that excluded testimony that related to any matter testified to before the witness consulted with counsel during the recess. This exception is sustained. The question was simply a summation of previous testimony as to the grade of the highway at the petitioners' property. It was based upon plats made after a survey and goes directly to the question as to the change of grade upon which the petitioners base a substantial part of their claim for damages.

The fourteenth exception is to the rejection as evidence of a deed which purports to reconvey to the petitioners the land condemned. Section 2 of Chapter 1175, P. L. 1928, provides that the board may, when it deems any land acquired or taken under condemnation for highway purposes no longer necessary for such purposes, revest the title to said land in the person from whom it was taken and the fair market value of such land may be pleaded in mitigation of damages in any proceeding instituted on account of such taking. We think that the statute contemplates the filing of a formal plea if the board seeks to avail itself of the provisions of said section 2 so that claimants may raise before trial objections to the plea on any ground that they

may deem to be tenable. As no such plea was filed in the instant case the objection to the introduction of the deed was well taken and the exception to its exclusion is overruled.

As there must be a new trial, we think, that in view of the fact that it appears to have been the practice heretofore to try this class of cases on the petition without other pleadings, the board should have the right to plead the execution and recording of the deed offered in evidence.

The case is remitted to the Superior Court for a new trial.

*Walling & Walling, Everett L. Walling, Ambrose W. Carroll,* for petitioners.

*John P. Hartigan, Attorney General, John J. Cooney, Assistant Attorney General,* for respondent Board.