WALTER H. REYNOLDS *et ux. vs.* STATE BOARD OF PUBLIC ROADS.

OCTOBER 22, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.    This matter is before us on a certification by the superior court, under general laws, 1923, chapter 348, section 1, of the question of the constitutionality of public laws 1928, chapter 1175, sec. 2.    The proceeding in question was begun by a petition filed in that court for the assessment of damages sustained by the petitioners by reason of the taking of certain land of theirs by the state board of public roads for highway purposes, by condemnation.

At the trial of the case before a jury, the board offered to prove, in mitigation of damages, under the above section of the public laws, a deed which had been executed by the board, reconveying all the land to the petitioners, and which had been put on record the day before the trial began but had not been accepted by the petitioners.    Upon objection by the petitioners it was excluded by the trial justice because it had not been set up in any plea filed by the board.

The trial resulted in a verdict for the petitioners for $2250, which was afterwards set aside by this court and a new trial ordered, because of certain erroneous rulings by the trial justice as to the admissibility of certain evidence, having no connection with that deed or that section.    The

exception to the exclusion of the deed on the ground stated was overruled, but this court said that at a new trial "the board should have the right to plead the execution and recording of the deed offered in evidence." *Reynolds* v. *State Board of Public Roads,* 54 R. I. 289, 173 A. 125. In the opinion nothing was said as to the constitutionality of the section in question.

After the case had been returned to the superior court, the board of public roads filed a plea of not guilty and a special plea setting forth the reconveyance of all the condemned land. Thereafter, because by the administrative code act, P. L. 1935, chap. 2250, the powers and duties of the state board of public roads were transferred to the division of roads and bridges, forming a part of the department of public works, the chief of that division and the director of that department were made parties respondent and filed pleas setting up the above-mentioned deed, in mitigation of damages under the above-mentioned P. L. 1928, chap. 1175, sec. 2.

The petitioners then filed a motion to strike out these pleas on the ground that that part of the above section, upon which the pleas depend and by virtue of which the respondents claimed the right, without the consent of the petitioners, to reconvey the condemned land to them and to have the benefit of the value thereof, at the time of the reconveyance, in mitigation of the damages for its condemnation, is unconstitutional for several reasons.

Thereupon the superior court entered an order of certification as follows: "In the above entitled cause the constitutionality of a portion of section 2 of chapter 1175 of the public laws of Rhode Island enacted by the general assembly at the January session in 1928 which portion thereof reads as follows:

'Sec. 2. The state board of public roads, when it shall deem any land or interests in land acquired or taken under the provisions of this act or under the

provisions of section 7 of chapter 97 of the general laws to be no longer required for the construction, improvement and maintenance of state highways, may (a) convey the same or any part thereof by executing and recording a deed thereof, which deed shall be duly executed on behalf of the state by at least three members of said board, and such recorded deed shall thereby revest the title to said land or interests in land so conveyed in the persons, their heirs,. successors and assigns, in whom it was vested at the time of the taking, and the fair market value of such land or interests in land so conveyed at the time of such conveyance may be pleaded in mitigation of damages in any proceedings instituted on account of such taking; . . . ,'
having been by the petitioners, by a motion to strike out respondents' special pleas, disputed, ·challenged and brought in question upon the record in this cause, it is hereby ordered in accordance with the provisions of section 1 of chapter 348 of the general laws of Rhode Island for 1923 that said cause be forthwith certified and transmitted to the supreme court for hearing and determination by said court of the constitutional questions as raised by petitioners' motion to strike out respondents' special pleas."

One of the reasons for which the petitioners contend the above-quoted statutory provision to be unconstitutional is, in substance, that, under the statute empowering the state board of public roads to condemn land for highway purposes, title in fee to the land condemned vests absolutely in the state upon the filing of condemnation proceedings; that if the section in question were valid, the effect of a reconveyance by the state board of public roads, to the owner of the condemned property, of the whole or a part of such land would be to compel such owner to receive the reconveyed land in partial or entire payment for the land condemned; and that this would be contrary to the constitution of Rhode Island, article I, sec. 16, which provides as follows: "Pri-

vate property shall not be taken for public uses, without just compensation," and under which such compensation must be in money.

Another of the reasons relied on by the petitioners is, in substance, that even if the statutory provision now in question be deemed to be a modification of the statute under which land was condemned for highway purposes by the state board of public roads, so that, if the provision were valid, the title to land condemned by the board for such purposes would not vest absolutely in the state but only subject to the power, conferred on the board by that provision, to reconvey, in mitigation of damages, the whole or any part of such land, the result would be that property would be taken from the owner for a compensation to be determined by a method arbitrarily fixed by the general assembly and not for just compensation as determined by the court; that the provision is therefore unconstitutional because contrary to the provision of the constitution which confers all judicial power on the judicial department of the government.

Whether, if valid, the provision in question would have the effect of changing the title which would vest in the state, upon the beginning of condemnation proceedings by the state board of public roads, from an absolute title in fee to a qualified one, we do not deem it necessary or advisable to decide, since, in our opinion, in whichever way that question is decided the provision is unconstitutional.

If the question be answered in the negative, the effect of the provision, if enforced would be to compel the owner of condemned property at the election of the board of public roads, or later the division of roads and bridges, to receive a part or the whole of the condemned property in partial or entire payment of his damages for the taking of the absolute fee of his property; and it is well settled that under a provision such as the Rhode Island Constitutional provision relating to the taking of property for public uses, the

owner of property so taken cannot be compelled to receive his compensation in any other form than money. *Matter of Dorrance Street*, 4 R. I. 30 (semble); *Vanhorne's Lessee v. Dorrance*, 2 Dall. 304; *Butler* v. *Sewer Commissioners*, 39 N. J. L. 665; *Chesapeake & Ohio R. Co.* v. *Patton*, 6 W. Va. 147; *Burlington & C. R. Co.*, v. *Schweikart*, 10 Colo. 178; *Louisville & N. R. Co.* v. *Interstate R. R. Co.*, 108 Va. 502, 507; 2 Lewis on Eminent Domain, (3rd ed.) 1343, § 756; 10 R. C. L. 125, "Eminent Domain", sec. 109; Cooley, Const. Lim. (11th ed.) 743, 1201.

If, on the other hand, the statute, under which the land was condemned in the present proceeding, and the provision in question are to be construed together as providing for the taking of a qualified fee only, subject to the right of the state agency to return all or any part of the condemned land, if not needed for public use, the method provided for calculating the net compensation to be paid to the owner, namely, the just value of the property taken, at the time of the original taking, plus interest and minus the value of the property returned at the time of its return, is not equivalent to "just compensation" as judicially determined.

For example, a strip of land might be condemned for highway purposes, and before the assessment of damages in the proceeding, the state board or division might decide that only half the width of the strip was needed for such purposes and might reconvey the other half, which in the interval might have more than doubled in value. In such case, if the provision were enforced, the owner might be permanently deprived of one half of the strip, without any compensation whatever.

In our opinion, therefore, the statutory provision for reconveyance and for mitigation of damages by the amount of the value of the property reconveyed, at the time of its reconveyance, is in violation of the constitutional provision for payment of just compensation for property taken for public uses, when read with the constitutional provision

by which all judicial power is vested in the courts. *Monongahela Navigation Co.* v. *United States*, 148 U. S. 312. The petitioners' other grounds for contesting the validity of the provision need not be considered.

. The statutory provision set forth in the certification of the superior court in this case, being a part of P. L. 1928, chap. 1175, sec. 2, is in our opinion invalid because in violation of the constitution of Rhode Island.

The papers in the case are ordered to be sent back to the superior court with our decision certified thereon.

*Walling & Walling, Everett L. Walling, Ambrose W. Carroll,* for petitioners.

*John P. Hartigan,* Attorney General, *John J. Cooney,* Asst. Attorney General, for respondents.