# CHARLESTON.

CHESAPEAKE & OHIO RAILROAD COMPANY *vs.* PATTON.

1873.
January
Term.

CHESAPEAKE & OHIO RAILROAD COMPANY, PLAINTIFF
AND APPELLEE, *against* ROBERT PATTON, DE-
FENDANT AND APPELLANT.

Decided February 22d, 1873.

## SYLLABUS.

It is error to confirm a report of commissioners made under the pro-
visions of Chapter 42 of the Code, in which the "just compensa-
tion" to which the party is entitled is not exclusively given to
him in money, the party himself appearing to resist the report on
that ground.

The confirmation of a report, authorizing a railroad company to enter
upon the real estate of another party against his consent, and
build a fence for its own purposes, is erroneous, as being without
authority of law.

On the 14th of September, 1870, the commissioners
who were appointed under Chapter 42 of the Code of
West Virginia, upon the petition of the Appellees, to
ascertain what would be a just compensation for certain
real estate of the Appellant proposed to be taken by the

1873.
January
Term.

Chesapeake &
Ohio Railroad
Company,.
v.
Patton.

Appellees for their use, filed their report in the Circuit Court of Kanawha county. The commissioners reported that they were of opinion that the sum of six hundred and seventy-five dollars and the construction and keeping in good repair by the Appellees of a substantial post and plank fence on each side of the line of their road through the land of the Appellant and the construction and keeping in good repair of all necessary crossings and ways and cattle guards upon the land of the Appellant, would be a just compensation for so much of his real estate as was proposed to be taken by the Appellees.

On the 30th of November, 1870, the Court overruled certain exceptions which had been taken to the report, confirmed the report, and ordered it to be recorded. The Appellant appealed from this order.

*Hedrick* and *J. S. Swann* for Appellant.

*Miller, & Quarrier,* and *Laidley & Hogeman* for Appellees.

PAULL, Judge.

The proceedings in this case were had upon the application and petition of the Railroad Company, to the Circuit Court of Kanawha county, for the appointment of commissioners under the provisions of the 42d Chapter of the Code of West Virginia, to ascertain what would be a just compensation to the persons entitled thereto for the real estate proposed to be taken by the Company, for the purposes stated in its application. Commissioners were appointed in August, 1870, and made and returned their report to court, under date of the 13th of Sept., 1870. This report was objected to by the Defendant, Robert Patton, the owner of the land, who excepted to the confirmation and recordation of the same for errors apparent in the record of said proceedings and report. At a Court held in November, 1870, all of said Defendant's exceptions were overruled, and the court confirmed said report, and ordered the same to be recorded. And from

1873.
January
Term.

Chesapeake &
Ohio Railroad
Company,
v.
Patton.

this order confirming said report, and directing it to be recorded, the Defendants have taken their appeal to this Court, and have made an assignment of the errors of which they complain. The duty of said commissioners, and the form of their report in the premises is prescribed in the 14th section of Chapter 42; and is in the words following, to-wit: "As to each tract, the commissioners, after viewing the same, and hearing any proper evidence which is offered, shall ascertain what will be a just compensation to the person entitled thereto, for so much thereof as is proposed to be taken, and for damage to the residue of the tract, beyond the peculiar benefits to be derived, in respect to such residue from the work to be constructed, or the purpose to which the land to be taken is to be appropriated, and make report to the following effect: We, the undersigned, commissioners appointed by the Circuit Court of ———, respectfully report that, having been first duly sworn, we have viewed the real estate owned by ———, mentioned in the said application, and are of the opinion that —— will be a just compensation for so much of the said real estate as is proposed to be taken by the said applicant, that is to say, (here describe the real estate,) as well as for damage to the residue of the said real estate beyond the peculiar benefits which will be derived in respect to such residue from the work to be constructed." The 18th section provides when "the sum so ascertained" with its interest shall be paid, &c.

Let us now examine the report. The commissioners return that they are of opinion that the sum of $675, and the construction and keeping in good repair by said Railroad Company of a substantial post and plank fence on each side of the line of said road through the land of said Patton, and the construction and keeping in good repair by said Railroad Company of all necessary crossings and ways from Tackett's Creek Valley to the high land, and cattle guards upon the said land of said Pat-

1873.
January
Term.

Chesapeake &
Ohio Railroad
Company,
v.
Patton.

ton, will be a just compensation for so much of the said real estate as is proposed to be taken by the said applicant ..... as well as for damages to the residue of the said real estate, beyond the peculiar benefits which will be derived in respect to such residue from the construction of said railroad." The main and principal ground of error relied on by the Defendants, which was elaborately argued on both sides, is in the following words, to-wit. : "Because the commissioners transcended their powers in requiring the Railroad Company to make fencing and roads, this being an item of damages." This right of taking private property for public use, is an exercise of the right of eminent domain, residing in the sovereign power of the State, delegated to corporations organized to construct works of internal improvement. The property of the citizen is taken, not bought; taken without his consent, and devoted to the use of the corporation. Whenever this right is exercised, whenever the property of the citizen is thus invaded, it is obvious that it should be done in strict conformity with the provisions of law. Whenever this high and necessary power residing in the State is wielded by its authority at the instance of another, the citizen is entitled to the full benefits of the law which has been interposed for his protection. The statute provides; first, that he shall receive just compensation for so much of his land as is taken; and secondly, just compensation for damage to the residue of the tract, to be estimated in a certain way. The amount of this just compensation, in both these respects, is to be ascertained in money, and when this has been done by the commissioners in the mode pointed out by the statute, their office is at an end. The compensation, to which the land owner under the statute is entitled for the land taken and for damage to the residue of the tract, is a compensation in money, and no other form of compensation can be forced upon him. The report under consideration does not conform with these views. It ascertains that a certain amount of

1873.
January
Term.

Chesapeake &
Ohio Railroad
Company,
v.
Patton.

money, and the construction of a fence on each side of the line of said road, and the construction of crossings and ways, and cattle guards, will be a just compensation, &c. These last items, as well as the money, constitute a part of the just compensation. And one of the commissioners informs us in his deposition, that on account of these items, no damage in their estimation would result to the valley land; and this valley land, I suppose, is "the residue of the tract." Thus the land owner loses in money whatever amount of value the commissioners would have otherwise assessed as damage. It has been contended that the building of these fences on either side of the railroad is a benefit which the Railroad Company is cheerfully willing to confer upon the land owner, and he should receive it, as a part of his compensation. It is a sufficient reply to say, that not even a benefit, if such it is, shall be forced upon a party, against his consent, and in violation of express provisions of law. When the residue of the tract has been thrown open and exposed, the land owner is entitled to damages, and the amount of these damages would be the fair cost or expenses of the necessary fencing for its enclosure; and he is entitled under the law to have this amount ascertained and paid him in money, and is not bound to accept compensation in any other form. And this amount, when paid him, he may use or employ in any way, or for any purpose that he may choose. He is under no obligation, legal or equitable, to use it in building a fence. This he may do, if he choose; if he does not so choose, the Company, and no other party has any cause of complaint. It is not paid to him for that use or purpose, as the argument for the Company seemed to assume, but is paid to him for damage on account of the exposure of his land, the measure of that damage simply being the cost or value of the fencing necessary to enclose it.

But in looking further at this report, it appears, that

the Company is required to construct a fence on each side of the line of said road, *through the land of said Patton*. With this requirement the Company admits its willingness to comply, because, as its Chief Engineer testifies, the fencing is necessary there for the safety of the road and its trains.

If no damage was awarded the land owner for throwing open the residue of his tract, as may be inferred perhaps, from the testimony of one of the commissioners, then it will appear, that by this report and its confirmation, the Company is authorized to enter upon the real estate of another party against his consent, to which it has not the shadow of title, and to build a fence upon it for its own purposes and accommodation, and this too at the land-owner's expense. It need hardly be said that the exercise of such authority is unjust and unconstitutional. For the support of the foregoing views, no citation of cases is required.

What would be the effect of inserting certain provisions not contemplated by the statute, in a report, to which both parties had agreed, does not arise upon this record, and need not be considered; nor is it necessary to consider any other ground of error which has been assigned in this cause.

The judgment of the Circuit Court in confirming said report, and directing it to be recorded is reversed, with costs according to law to the defendant, Robert Patton ; and this Court proceeding to render such judgment as the Circuit Court should have rendered, doth set aside the report of said commissioners, and remand this cause to the Circuit Court of Kanawha county, to be proceeded in according to law.

HAYMOND, President, and MOORE, and HOFFMAN, Judges, concur in the foregoing opinion.