# CHARLESTON.

## RAILROAD COMPANY v. HALSTEAD.

### February 27, 1874.

A report of commissioners, made under section fourteen of chapter forty-two of the Code, providing that the party defendant shall have the liberty of constructing certain easements over the land taken by the Company, is erroneous upon its face, although otherwise in conformity to the statute, and may be set aside on motion of the defendant[*].

An appeal from an order of the circuit court of Fayette county, setting aside a report of commissioners ap-

*The fo llowing is the section referred to in the above syllabus:

"14. As to each tract, the commissioners, after viewing the same, and hearing any proper evidence which is offered, shall ascertain what will be a just compensation to the person entitled thereto for so much thereof as is proposed to be taken, and for damage to the residue of the tract, beyond the peculiar benefits to be derived in respect to such residue from the work to be constructed, or the purpose to which the land to be taken is to be appropriated, and make report to the following effect: "We, the undersigned, commissioners appointed by the circuit court of ———— county, by an order made on the ——— day of—, on the application of ————, respectfully report that, having, been first duly sworn, we have viewed the real estate owned by ————, mentioned in the said application, and are of the opinion that——— will be a just compensation for so much of the said real estate as is proposed to be taken by the said applicant, that is to say: (Here describe the part to be taken, so as to identify the same with reasonable certainty, which description may be by reference to a plat annexed to the report, or in any manner that would be sufficient in a conveyance); as well as for damage to the residue of the said real estate beyond the peculiar benefits which will be derived in respect to such residue from the work to be constructed (or from the purpose to which the part to be taken by said applicant is to be appropriated). Given under our hands, this ——— day of ————."

1874.
January Term.

pointed under the provisions of chapter forty-two of the Code, to ascertain a just compensation to the appellee, Halstead, the defendant below, for certain land owned by him, situate in said county, which was proposed to be taken by the Chesapeake and Ohio Railroad Company, the appellant here and the plaintiff below, for its uses and purposes. The facts sufficiently appear in the opinion of the Court.

The Hon. Henry L. Gillaspie, judge of said circuit court, presided at the trial.

*Miller & Quarrier* and *Laidley & Hogeman* for the appellant.

*Abram. Burlew* for the appellee.

PAULL, JUDGE:

This was a proceeding on the part of the Railroad Company, under the provisions of chapter forty-two of the Code of West Virginia, for taking so much of the defendant Halstead's lands as they required for their use, in the county of Fayette.

Commissioners were duly appointed to make the appraisement required by law, and on the 24th day of February, 1871, made and signed their report, which was returned to court. At a term of the court held on the 22d day of May, 1872, the defendant Halstead, by counsel, moved the court to set aside said report, for errors appearing on its face. The motion was resisted by the Company, but on argument the same was granted, and the report was set aside. To the order of the court setting aside the report the plaintiff excepted, and from it has taken its appeal to this Court. The report recites that the commissioners are of the opinion that twenty-three hundred and twenty dollars will be a just compensation for so much of the said real estate as is proposed to be taken by the said applicant; (and further omitting the description of the land) as well as for the damage to the residue to the said real estate beyond the peculiar benefits which will be derived in respect to such residue from

the construction of the said railroad. Thus far the report is in strict conformity with the provision, and even with the form, prescribed by the statute. Had the report stopped there, there would have been no errors upon its face ; but the report then proceeds as follows : "Liberty is reserved to said Halstead and his assignees and vendees, at any time, to construct to and under, or by trussel work, over the land, so taken and above described, such horse roads and car ways as may be necessary to the shipment, by water or railroad, of the minerals or other products, of the residue of the said lands of the said John Halstead." Does this last paragraph thus embraced in the language of the report constitute an error upon its face for which the same should be set aside, is the question now submitted to our determination.

It was expressly held by this Court in the case of *Chesapeake and Ohio Railroad Company v. Robert Patton,* 6 W. Va., 147, that a party is entitled to have the "just compensation," provided for by law, paid to him exclusively *in money.* The statute does not contemplate the payment to any extent in any other way. The report before us reserves to the defendant the liberty of constructing certain easements over the land which has thus been taken by the Company, and which becomes, under the provisions of the Code, their absolute property. If this reservation was signed by the commissioners to be a part of the compensation to which the party was entitled, either for the land taken or for damages, the report is erroneous.

It has been claimed in argument, however, that the report, being complete and perfect, without this paragraph, and the commissioners having settled a "just compensation" in both these respects, the paragraph should be treated as surplusage and declared a nullity. There is some force in this view ; still the language is there, and for aught that we can see or tell, was to constitute a substantial and material part of the report. It is designed to confer additional benefits upon the party,

besides the just compensation which had been already awarded : for what reason does not appear. If designed to be effective, this paragraph clearly contravenes the provisions of the statute, which gives the Company a fee simple title to the land taken without such an incumbrance, and if not adopted or ratified by the Company, would furnish just ground of exception to the report, on its part. The report, however, must be conclusive on both or neither, of the parties. Regarding the question in this light, the commissioners have clearly transcended their power. We have seen no authority bearing upon this subject, except the case of *Hill and Aldrich v. The Mohawk and Hudson Railroad Company*, 3 Selden, (N. Y.) 152. The statute of New York, under which this case was decided, provided that "the appraisers shall assess the value of the land so proposed to be taken, and the damages the owners may sustain by taking their lands, by injury to buildings, and in the construction of such road, without any deduction on account of any real or supposed benefits which such owner may derive from the construction of such road." Under this provision, the commissioners made their award, with the following statement in their certificate : "This award is based on the supposition, and made on the condition, and with the understanding, that Hill and Aldrich, the owners, are to be at liberty, at any time, to lay out and open a street on the north side of their lot across said road, and to remove any fences or obstructions, to such street, and also to drain under said road, provided that the grade of said railroad is not effected thereby, nor the running, or operation, of said road interfered with or impeded in any way." Without commenting upon the difference that appears in the New York statute from ours, or the difference in the language of the award, still the points of agreement are sufficient to make the principle of that decision, as made by the supreme court of appeals in New York, applicable to the case now under consideration. The language, above quoted, was held to be a

substantive part of the award, and the court say : "It is hardly necessary to affirm that the appraisers had no authority to arbitrate between these parties. In attempting to reserve privileges to the owners by way of easement in the lands they were to appraise, they transcended their powers and their award was a nullity. It has never been suggested that the railroad company would be bound, *ipso facto*, by the award, without some subsequent act, on their part, affirmatory of its provisions, and that the award when made, must conclude both or neither of the parties." We deem it unnecessary to notice the language of the court upon the question of the probable deduction of the value of easements or privileges thus secured to the land owners, from the damages to which they were entitled. In this proceeding, it is undoubtedly true that there must a be substantial compliance with every requirement of the statute, leaving no ground for the suggestion even, that under the cover of the privileges granted, the party may have sustained an injury in another direction. The objection to the report is one appearing upon its face, and being well taken, there was no error on the part of the court below in setting aside the report, and the judgment of the circuit court of Fayette county made on the 22d day of May, 1872, is affirmed with costs and $30 damages to the appellant, and this cause is remanded to the circuit court of said county to be proceeded in according to law.

The other Judges concurred.

JUDGMENT AFFIRMED AND CAUSE REMANDED.