ANTHONY S. GARGES

*v.*

STATE COMPENSATION COMMISSIONER, *et al.*

(No. 12134)

Submitted January 10, 1962.     Decided February 13, 1962.

GIVEN, BERRY, JUDGES, concurring.

*Mahan, Higgins, Thrift & Graney, Patrick C. Graney, Jr.,* for appellant.

*R. L. Theibert,* for appellee.

CALHOUN, PRESIDENT:

The employer, Winding Gulf Coals, Inc., has appealed from the order of the Workmen's Compensation Appeal Board, dated July 10, 1961, granting claimant, Anthony S. Garges, an award for silicosis in the first stage, and reversing the order of the Workmen's Compensation Commissioner of February 24, 1961, whereby the commissioner had denied such award "on the grounds that the claimant's exposure to the hazard of silicon dioxide while in the employ of Winding Gulf Coals, Inc., was not sufficient to perceptibly aggravate an existing silicosis." This Court granted an appeal on October 2, 1961.

On August 18, 1959, claimant filed with the commissioner his claim for benefits for silicosis alleging that he had "been exposed to Silicon Dioxide Dust while doing work in the State of West Virginia approximately 27 years", and that his most recent employer was the Winding Gulf Coals, Inc.

The record shows that claimant was employed by Winding Gulf Coals, Inc., as coal loader, brakeman and motorman in its mines from February 7, 1957, to September 19, 1958, or a period of approximately nineteen and a half months. Prior to that he had been employed by the New River Company intermittently for approximately twenty-eight years, as follows: April, 1955, to November, 1956, as a machine man, motorman, coal loader, trackman, wirer, rock driller and brakeman; August, 1947, to August, 1953, as a motorman, brakeman and coal loader; and from April, 1928, to May, 1947, as a motorman, brakeman and coal loader.

The commissioner on October 16, 1959, made a non-medical finding that claimant had been exposed to the hazard

of silicon dioxide dust for a continuous period of not less than sixty days while in the employ of Winding Gulf Coals, Inc., within two years prior to the filing of his claim; and that he had been exposed to such hazard in West Virginia over a continuous period of not less than two years during the ten years immediately preceding the date of his last exposure. The finding covers the statutory period in silicosis cases. Code, 23-4-1, as amended. Neither party filed any protest to this finding. The commissioner referred the claim to the Silicosis Medical Board, which reported on February 12, 1960, that from studies based on X-rays taken by such board in 1960, and X-ray films submitted by Miners Memorial Hospital, dated December 3, 1959, claimant had silicosis, but that his capacity to work had not been impaired. This finding under the statute amounts to a finding of silicosis in the first stage. The further finding of the Silicosis Medical Board was that the period of approximately thirty years during which claimant was exposed to silicon dioxide dust was sufficient to have produced the disease of silicosis or to have perceptibly aggravated a preexisting disease, and that this harmful exposure continued within the statutory period of time.

The employer filed timely objections to those findings and various hearings were held, at which additional and earlier X-ray films were introduced. One of those films was made on September 24, 1951, by the Raleigh County Tuberculosis Association. There was also an X-ray film made at the Cleveland Clinic on March 2, 1951, and these two 1951 films, which were not available to the Silicosis Medical Board when it made its report on February 12, 1960, were compared at the hearings with the board's film made on February 11, 1960, and the three doctors comprising the board saw: "No difference in the markings or nodules at all." Dr. E. W. Squire, a witness for the employer, testified that he "saw no changes at all in the films", and "I saw no progression or increase in the nodules." It also appears from the testimony that the film made on September 24, 1951, by the Raleigh County Tuberculosis Association and the board's film of 1960 were of "good quality."

Based on the X-ray film evidence alone, the conclusion

14

was that claimant had silicosis in 1951, and the doctors comprising the Silicosis Medical Board, individually and as a group, as well as Dr. Squire, could see no evidence of progression or change from 1951 to 1960, which encompassed the period of employment with Winding Gulf Coals, Inc., from 1957 to 1958.

There were other films of claimant's chest taken in 1954, 1955, and at a preemployment examination on February 2, 1957, and also one in 1959, but they all showed the same condition of silicosis, "nodular markings", but no discernible change since 1951.

Following these hearings the commissioner entered his order of February 24, 1961, finding that there had been no perceptible aggravation of an existing silicosis while claimant was in the employ of Winding Gulf Coals, Inc., and rejecting claimant's application for silicosis benefits.

Claimant appealed to the appeal board, which, on July 10, 1961, reversed the commissioner and granted claimant an award for first stage silicosis.

From the evidence in the file we believe there can be no question that claimant was afflicted with silicosis in the first stage as early as 1951 and that, from the X-ray films before the commissioner, the only evidence adduced on the issue of aggravation, there had been no progression, aggravation or change shown in claimant's silicotic condition between 1951 and 1960; and, therefore, claimant has failed to show perceptible aggravation within the statutory period.

We believe this case is governed by the principles of law enunciated in the case of *Turner* v. *State Compensation Commissioner, et al.,* decided on January 30, 1962, at the present term of court, which presents a factual situation somewhat analogous to the instant case. In the *Turner* case this Court held that the applicable statutes require a claimant, suffering from a preexisting silicosis in the first stage, to show a perceptible aggravation of such condition within the statutory period to entitle him to the statutory benefits therefor. That decision does not rule out the possibility of evidence other than X-rays, but where X-rays are available,

as in the present case, and are interpreted, by doctors competent in that field, as showing no perceptible aggravation for the statutory period, such evidence is controlling in the absence of other competent evidence to the contrary. The burden of proof is on the claimant to show perceptible aggravation for such period, and, he having failed to sustain such burden, the order of the Workmen's Compensation Appeal Board is reversed and the case is remanded.

*Reversed and remanded.*

GIVEN, JUDGE, concurring:

I concur in the results announced by the Court for the reasons stated in the concurring opinion filed in the case of *Turner* v. *State Compensation Commissioner and New River and Pocahontas Consolidated Coal Company,* decided this term, 147 W. Va. 1, 123 S. E. 2d 880.

I am authorized to say that Judge Berry joins in this memorandum.