THE BOARD OF EDUCATION OF KANAWHA COUNTY

*v.*

PAGE R. SHAFER, *et al.*

(CC861)

Submitted January 23, 1962.     Decided March 6, 1962.

16

*Woodroe, Kizer & Steed, John O. Kizer,* for plaintiff.

*Charles W. Caldwell,* for defendants.

CALHOUN, PRESIDENT:

The Circuit Court of Kanawha County, on its own motion, certified to this Court two questions arising upon a demurrer to the amended petition of the Board of Education of the County of Kanawha in an eminent domain proceeding to acquire for school building purposes certain land belonging to Page R. Shafer and Mildred C. Shafer. The questions certified are as follows:

" (1)   In condemnation proceedings may the condemnor take fee simple title to the land sought to be appropriated subject to easements, not previously existing, reserved or left to the condemnee by the condemnor for the purpose of reducing or minimizing damages to the residue of condemnee's land?

" (2)   Does the taking by condemnor of fee simple title to the lands sought to be appropriated subject to easements, not previously existing, reserved or left to the condemnee by the condemnor constitute payment of damages in something other than money?"

By a petition filed on June 23, 1960, the petitioner sought the right to condemn a tract of 1.445 acres, which is a part of a tract of 56 acres, more or less, fronting on a road known as Midway Drive in Union District of Kanawha County. The land is owned jointly by the defendants, Page R. Shafer and Mildred C. Shafer, husband and wife. By an order entered on June 23, 1960, the petitioner was granted the right to enter into possession of the premises pursuant to the provisions of Code, 54-2-14, as amended, and on June 24, 1960, commissioners were appointed to ascertain just compensation for the real estate in accordance with pertinent statutory provisions. Pursuant to such appointment, the commissioners viewed the premises and thereafter submitted a report dated August 31, 1960, and filed on September 1, 1960, fixing the sum of $3,500 as just compensation for the land taken and for damages to the residue. The report includes the following language:

"The estate in said parcel of real estate proposed to be taken is the fee simple title thereto, free from all liens and encumbrances, but subject to an easement and right of way to construct, operate, maintain, and remove sewer, gas, water, electric, and other utility pipes, wires, *liens,* and conduits and for road purposes over a strip of land 40 feet wide along the northerly boundary of the above described tract of land extending from Midway Drive in a westerly direction 200 feet and to a further easement to construct, operate, maintain, and remove a sanitary sewer along and down the westerly fork of Aaron's Creek, said easements to be used

and enjoyed in common by the petitioner and said defendants, their successors, assigns, grantees, and permittees."

No such easements were described or mentioned in the original petition, but the amended petition states: "The estate in said parcel of real estate proposed to be taken is the fee simple title thereto, free from all liens and encumbrances, but subject to" the easements described in the report of the commissioners as quoted above. While the original petition makes no reference to the easements now in question, apparently such matters were brought to the attention of the commissioners by counsel for the petitioner, and obviously such matters were considered by the commissioners in arriving at the sum of $3,500 as proper compensation.

By an order entered on December 9, 1960, the court permitted the filing of the amended petition. To this amended petition the defendants filed their demurrer. By an order entered on August 10, 1961, the court sustained the demurrer and certified to this Court the questions now presented for decision. In sustaining the demurrer the trial court held: (a) That the law will not permit the petitioner in this proceeding to take a fee simple title to the parcel of land sought to be condemned, subject to the easements not previously existing as described in the amended petition, for the purpose of reducing or minimizing damage to the residue; and (b) that to permit the appropriation of the land sought to be condemned, subject to easements for the benefit of the residue as described in the amended petition, and to permit such easements to be considered in a determination of just compensation to the landowners, would result, to that extent, in the payment of compensation to the landowners in something other than money.

In a case certified pursuant to Code, 58-5-2, this Court will consider and decide only questions which have been decided and certified by the circuit court. *Jones* v. *Appalachian Power Co.,* 145 W. Va. 478, 115 S. E. 2d 129, 136; *General Electric Co.* v. *A. Dandy Appliance Co.,* 143 W. Va. 491, 500, 103 S. E. 2d 310, 315; *Pope* v. *Carrier Corp.,* 138

W. Va. 218, 224, 75 S. E. 2d 584, 588; *Pancake Realty Co.* v. *Harber*, 137 W. Va. 605, pt. 5 syl., 73 S. E. 2d 438; *Means* v. *Kidd*, 136 W. Va. 514, 516, 67 S. E. 2d 740, 742; *Weatherford* v. *Arter*, 135 W. Va. 391, 394, 63 S. E. 2d 572, 574; *Weese* v. *Weese*, 134 W. Va. 233, 245, 58 S. E. 2d 801, 809; *Raleigh County Court* v. *Cottle*, 82 W. Va. 743, pt. 3 syl., 97 S. E. 292. Questions discussed in the briefs which did not arise upon the demurrer to the amended petition and which, therefore, were not decided by the circuit court and certified by it to this Court will not be considered.

This Court is committed to the proposition that in an eminent domain proceeding, "compensation" to the landowner must be paid in money and in no other form. In the third point of the syllabus of the case of *Baltimore & Ohio Railroad Co.* v. *Bonafield's Heirs*, 79 W. Va. 287, 90 S. E. 868, the Court stated that damages to the residue "in the absence of any agreement between the parties, shall be paid only in money", coupled with such benefits to the residue as may result from the taking and consequent construction. To the same effect see: *C. & O.* v. *Halstead*, 7 W. Va. 301; *C. & O. R. R. Co.* v. *Patton*, 6 W. Va. 147; 6 M. J., Eminent Domain, Section 56, page 745; 29 C. J. S., Eminent Domain, Section 191b, page 1089; 18 Am. Jur., Eminent Domain, Section 128, page 752; Lewis, Eminent Domain, Volume 2, Section 682, page 1172, and Section 756, page 1343.

Counsel for the petitioner concede that compensation to the landowners may be paid only in money, but, in that connection, rely upon the provisions of Code, 54-1-8, which is, in part, as follows: "Any corporation, or body politic, authorized to acquire private property for public use under the provisions of this chapter may acquire an estate in fee simple, *or any lesser estate therein.*" (Italics supplied.) Code, 54-2-2, as amended, in providing for necessary allegations of the petition, states: "If *an estate less than a fee* is proposed to be taken, the petition shall describe with reasonable certainty the particular *estate less than a fee* which it is proposed to take, * * *." (Italics supplied.) Code, 54-2-9, as amended, states that the commissioners "shall ascertain what will be a just compensation to the person

entitled thereto for so much thereof as is proposed to be taken, *or for the interest therein, if less than a fee,* and for damage to the residue of the tract beyond all benefits to be derived, in respect to such residue, * * * including, *when less than the fee is taken,* the actual damage, if any, done, or that may be done to the fee by such construction, * * *." (Italics supplied.)  Code, 54-2-12, provides that upon confirmation and recordation of the report, or of the verdict of the jury, if there be one, and payment of the sum awarded, with interest, to the person entitled thereto, title shall be absolutely vested in fee simple in the applicant, except that "if the applicant describe in its petition *an estate or interest therein less than a fee, upon payment as aforesaid, such estate and interest as is stated and described in the petition shall vest in the applicant.*" (Italics supplied.)  Code, 54-2-20, provides that when *"land or an estate or interest therein is* taken or appropriated," a copy of the order or orders of appropriation shall be filed and recorded in the office of the clerk of the county court and that thereafter "the applicant shall be deemed a purchaser of *the land or estate or interest therein so taken* or appropriated with like effect as if the record owner * * * had executed to such applicant a deed for the *land or the estate or interest therein* so taken and appropriated." (Italics supplied.)  Statutes relating to the same subject matter, whether enacted at the same time or at different times, must be read and applied together.  The several statutory provisions quoted above, therefore, must be construed together. *Turner* v. *State Compensation Commissioner, et al.,* (decided January 30, 1962), 147 W. Va. 1, 123 S. E. 2d 880; *State ex rel. City of Wheeling* v. *Renick,* 145 W. Va. 640, pt. 4 syl., 116 S. E. 2d 763; *The Chesapeake & Potomac Telephone Company of W. Va.* v. *City of Morgantown,* 144 W. Va. 149, pt. 4 syl., 107 S. E. 2d 489; *State ex rel. Graney* v. *Sims,* 144 W. Va. 72, pt. 3 syl., 105 S. E. 2d 886.

Counsel for the petitioner contend that the petitioner is not undertaking to compensate the defendants in a form other than money, but that, on the contrary, the petitioner is merely seeking to acquire a "lesser estate" than an estate in fee simple.  The position of counsel in this respect is

stated in the brief filed in behalf of the petitioner as follows: "The petitioner is simply seeking to limit the extent of its taking and to leave, unaffected by condemnation, certain proprietary rights in the landowner. These rights which are left in the landowner are simply rights which are not appropriated. This, we submit, the petitioner may do under the provisions of Code, 54-1-8, which specifically authorizes a condemning body to take any estate less than fee." This "proprietary right" left with the landowners and "unappropriated", is distinguished by counsel from "the weight of authority which holds that an unaccepted promise, promissory statement, or stipulation or declaration of future intentions by a condemner as to what will be done or not done with respect to the property condemned, to that left untaken and to the rights of the landowner in relation thereto, cannot affect either the character or extent of the condemner's rights acquired or the amount of damages it must pay as just compensation." Counsel contend further that "there is a difference between paying for damages actually caused and refraining from doing damage. The prevention of damages or failure to cause them is certainly not the equivalent of the payment of them."

Counsel for the defendants, on the other hand, contends that the statute authorizing the petitioner to take an estate less than a fee simple does not authorize the taking of the fee with reservations of easements to the landowners without their consent, where no easement previously existed, and that such would amount to compensation of the landowners to that extent in a manner other than by payment of money.

We believe that the trial court erred in sustaining that part of the demurrer to the amended petition which presents the questions certified.

"The sole discretion to determine what quantity of land is necessary for a public use is vested in the agency resorting to eminent domain, which discretion will not be interfered with by the courts unless it has been abused." *State, etc.* v. *Bouchelle,* 137 W. Va. 572, pt. 2 syl., 73 S. E. 2d 432. See also *State* v. *Professional Realty Co.,* 144 W. Va. 652,

659, 110 S. E. 2d 616, 621; *State* v. *Horner,* 121 W. Va. 75, pt. 3 syl., 1 S. E. 2d 486; *Shelton* v. *State Road Commission,* 113 W. Va. 191, 167 S. E. 444; *W. Va. & Maryland Power Co.* v. *Racoon Valley Coal Co.,* 93 W. Va. 505, pts. 5 and 6 syl., 117 S. E. 891; *Carnegie Natural Gas Co.* v. *Swiger,* 72 W. Va. 557, pt. 5 syl., 79 S. E. 3. The petitioner should not be required to acquire more of defendants' land than reasonably proper and necessary to serve the purposes of the taking. If there is a legal way in which the damage to the residue of the defendants' land may be minimized, certainly it will be in the public interest and to the interest of the landowners that such be done. If it should appear that the taking of the parcel of 1.445 acres deprives the landowners of all means of access to the residue of the tract of 56 acres and renders such residue virtually worthless, certainly the infliction of such damages upon the landowners and the consequent public burden of paying therefor should be avoided if there is a way in which such properly may be done.

In connection with an exhaustive annotation in 7 A. L. R. 2d 364, at page 392, certain principles here involved are summarized as follows: "The courts have frequently pointed out the difference in legal effect between mere promissory statements, stipulations, and declarations on the one hand, and (1) reservations of property rights in the landowner; (2) valid and contractual, hence binding stipulations; and (3) limited condemnation properly effected at the proper time. If a particular case involves one of these three matters rather than a promissory matter, the binding stipulation, or the reservation of rights, easements, etc., to the property owner, or the limited condemnation is properly to be considered in determining the landowner's damages or compensation." The following appears as a part of an annotation in 26 L. R. A. 751: "The above decision in favor of the right to take property in condemnation cases subject to certain easements of the landowner, so as to minimize his damages is in accordance with the weight of authority. In some cases it has been denied on the ground that it constituted payment of damages in something else than money, but it seems to be a sufficient answer to this objection to say that it is not fairly to be considered a payment of damages at

all, but merely refraining from causing damages." The general rule is stated in 29 C. J. S., Eminent Domain, Section 155, pages 1014-16, as follows:

"Any fact which, by reason of the conditions upon which the property is taken, or the character of the improvement or the manner in which it is made, or the nature and situation of the property taken, or of the residue, tends to ameliorate, counteract, diminish, mitigate, or reduce the damages otherwise accruing to the owner, may properly be considered in favor of the appropriator in the assessment of damages, although the benefit is not one necessarily accruing from the construction of the improvement. Thus the fact that the use sought to be appropriated is a restricted or limited use and one which will still reserve to the owner some right in the property affected should be considered in assessing damages; and a stipulation entered into between the owner and the appropriator whereby some right or privilege is granted to the owner or reserved by him with reference to the property or its use may properly be considered in reduction of the compensation to which he would otherwise be entitled; but the owner cannot be compelled to accept a mere offer by the appropriator to allow him certain rights and privileges or to do some act in his favor, in payment or reduction of compensation. The probability that the appropriator will not exercise, or the fact that he has no present intention of exercising, to the full extent the rights acquired should not be considered in reduction of the damages, where there is nothing to prevent a full exercise of such rights, since the presumption is that the appropriator will exercise his rights and use and enjoy the property taken, to the full extent; and the possibility that the condemnor may in the future construct crossings which will lessen the damages caused by dividing defendant's property cannot be considered where there is no binding agreement or duty on the part of the condemnor to construct such crossings."

A similar statement appears in 18 Am. Jur., Eminent Domain, Section 251, page 890, as follows: "Similarly it is proper, where a taking is made for a public use and certain rights in the land are reserved to the owner, to take such reserved rights into consideration in awarding damages.

* * * Privileges in the property taken not inherent in the nature of the easement cannot, however, be considered unless they are legally established by the condemnation proceedings; and so, privileges which are merely permissive and subject to the paramount right of revocation by the condemning party cannot be availed of in the reduction of damages." "The right to take property in condemnation cases, subject to certain easements of the landowner, so as to minimize his damages is in accordance with the weight of authority." *State* v. *Superior Court,* 48 Wash. 2d 417, 423, 294 P. 2d 418, 422.

We believe that it is clear from the authorities referred to above, including statutes, that the petitioner is not required by law to acquire, in this proceeding in eminent domain, the absolute and unqualified fee simple title to the tract of 1.445 acres, but rather that it may limit the extent of the taking and appropriate a "lesser estate" therein, leaving unappropriated certain proprietary rights in the landowner; that the petitioner may have fixed and determined in this proceeding certain easements over the lands sought to be taken for the benefit of the residue of the defendants' land, as described in the amended petition; that such easements must be considered by the commissioners and by the jury, if a jury trial is had, in determining just compensation to the landowners; and that the effect thereof is not to authorize payment of compensation to the landowners in something other than money, but rather the effect thereof is that, to that extent, the condemner refrains from appropriating defendants' property, and seeks, to that extent, to refrain from causing damage to the landowners.

If easements of this nature over the land sought to be taken, for the benefit of the residue of the defendants' land, are properly described in the petition or amended petition as provided in Code, 54-2-2, as amended; if such easements are described in the report of the commissioners as provided in Code, 54-2-9, as amended; and if "a certified copy of the order or orders of appropriation" is filed and recorded in accordance with Code, 54-2-20, "with like effect as if the record owner * * * had executed to such applicant a deed

for the land or the estate or interest therein so taken or appropriated," such easements become as fixed and determined as if they had been reserved in a deed by the landowners conveying the tract of 1.445 acres to the petitioner. Proprietary rights, in the form of easements, which the petitioner seeks to have determined and established in the landowners by the court in this eminent domain proceeding are not mere unilateral offers, promises, promissory statements, stipulations or declarations.

We do not mean to imply that the establishment of the easements here involved will or will not appreciably lessen or ameliorate damages resulting to the defendants from the appropriation. At the hearing before the commissioners, as well as upon the trial before a jury, if a jury trial is subsequently held, the respective parties will be permitted to adduce all proper proof bearing upon the question of just compensation to the landowners.

For the reasons stated and upon the basis of authorities cited earlier herein, the Court holds that the petitioner has the legal right to take fee simple title to the land sought to be appropriated herein, subject to easements not previously existing, reserved or left to the landowners for the purpose of reducing or minimizing damages to the residue of the defendants' land; and that such taking by the petitioner, subject to the easements set forth and described in the amended petition, will not constitute payment of damages or compensation to the landowners in something other than money. We believe that such holdings are sustained by authorities quoted earlier herein, as well as by the following reported decisions of appellate courts: *The Chicago & Great Southern Railway Co.* v. *Jones,* 103 Ind. 386, 6 N. E. 8; *State* v. *The Superior Court,* 48 Wash. 2d 417, 294 P. 2d 418; *Louisville & N. Ry. Co.* v. *Western Union Telegraph Co.,* 184 Ind. 531, 110 N. E. 70, 111 N. E. 802, Ann. Cas. 1917C 628; *Indianapolis & Cincinnati Traction Co.* v. *Wiles,* 174 Ind. 236, 91 N. E. 161; *Brack* v. *Mayor, etc.,* 128 Md. 430, 97 A. 548; *De Penning* v. *Iowa Power & Light Co.,* 239 Iowa 950, 33 N. W. 2d 503, 5 A.L.R. 2d 716; *Tyler* v. *Town of Hudson,* 147 Mass. 609, 18 N. E. 582; *Bachner* v. *City of Pitts-*

*burgh,* 339 Pa. 535, 15 A. 2d 363; *In re Milwaukee Electric Ry. & Light Co.,* 182 Wis. 182, 196 N. W. 575; *Mississippi State Highway Commission* v. *Daniels,* 235 Miss. 185, 108 So. 2d 854; *Shell Pipe Line Corp.* v. *Woolfolk,* 331 Mo. 410, 53 S. W. 2d 917; *Coos Bay Logging Co.* v. *Barclay,* 159 Or. 272, 79 P. 2d 672.

As we have stated previously, three prior decisions of this Court (*Chesapeake & Ohio Railroad Co.* v. *Patton,* 6 W. Va. 147; *Chesapeake & Ohio Railroad Co.* v. *Halstead,* 7 W. Va. 301; and *Baltimore and Ohio Railroad Co.* v. *Bonafield's Heirs,* 79 W. Va. 287, 90 S. E. 868) are authority for the proposition that, in this eminent domain proceeding, compensation to the landowners must be paid exclusively in money. After a careful study of such three prior decisions, we feel that none of them is out of harmony or inconsistent with the Court's holding that the petitioner may appropriate the tract of 1.445 acres, subject to the easements described in the amended petition, or with the further holding that doing so will not constitute payment of compensation in something other than money.

For reasons stated herein, the rulings of the Circuit Court of Kanawha County are reversed.

*Rulings reversed.*